Lucas TORRES

v.

The KASTOR and its owners, Gratsos Bros. of Athens, Greece

·and

Joseph Vinal.

No. 109, Docket 23712.

United States Court of Appeals Second Circuit.

Argued Nov. 10, 1955.

Decided Nov. 23, 1955.

John J. Robinson, New York City (Paul C. Matthews, New York City, on the brief), for libellant-appellee.

Victor S. Cichanowicz, New York City (Frederick H. Cunningham, New York City, on the brief), for respondents-appellants.

Joseph J. Brophy, New York City (Barry, Treanor, Shandell & Brophy, New York City, on the brief), for impleaded-respondent-appellee.

Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

Torres, the libellant here, was one of several workmen employed by the impleaded respondent, Vinal, in performance of his contract with respondents, Gratsos Bros., to clean their vessel, the S.S. "Kastor," from the effects of transporting a cargo of loose pitch and to make it ready again for general cargo. Six of the workers, including Torres, sued because of alleged injuries to their eyes suffered in the course of an all-night

stint, it being contended that the shipowners had not fulfilled their obligations to provide a safe place to work and a seaworthy vessel—obligations now reaching to shore workers making repairs upon a vessel. Settlements were made with all but Torres. In an extensively and carefully reasoned opinion Judge Conger found liability on the part of the shipowners to Torres and refused to grant indemnity over against the employer, Vinal.

On the main issue as to the fact and cause of injury, the court had before it sharply conflicting evidence, including expert testimony as to the general characteristics of pitch designed to negative the possibility that this substance when chipped off could cause dust or other disturbance to affect libellant's eyes. But the evidence of injury not only to Torres, but to his co-workers, seems clear; and we do not feel justified in overturning as "clearly erroneous" the findings of the trial judge as to the testimony to be believed. McAllister v. United States, 348 U.S. 19, 75 S. Ct. 6. Once these are accepted, the failure of duty to the repairmen follows logically in accordance with the late rulings of the Supreme Court. Pope & Talbot, Inc., v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143; and see also Alaska S. S. Co. v. Petterson, 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798, affirming Petterson v. Alaska S. S. Co., 9 Cir., 205 F.2d 478; McFall v. Compagnie Maritime Belge, 304 N.Y. 314, 107 N.E.2d 463; Rogers v. United States Lines, 347 U.S. 984, 74 S.Ct. 849, 98 L.Ed. 1120. The court's further holding that the breaches of duty of Vinal and Gratsos Bros. were concurrent, rather than primary and secondary respectively, seems justified on the facts and in the absence of an agreement of indemnity. See Banks v. Central Hudson Gas & Elec. Corp., 2 Cir., 224 F.2d 631, 634, 636; Lo Bue v. United States, 2 Cir., 188 F.2d 800, 803, citing cases.

Decree affirmed.