**PACIFIC INLAND NAVIGATION COMPANY, a corporation, Appellant,**

v.

**Delbert A. COURSE, Appellee.**

**No. 21080.**

United States Court of Appeals Ninth Circuit.

Oct. 26, 1966.

Floyd A. Fredrickson, Eugene D. Cox, of Gray, Fredrickson & Heath, Portland, Or., for appellant.

Burl L. Green, Allen T. Murphy Jr., of Green, Richardson, Griswold & Murphy, Portland, Or., for appellee.

Thomas J. White, William F. White, of White, Sutherland & Gilbertson, Portland, Or., amici curiæ Columbia River Towboat Ass'n.

Before MERRILL and KOELSCH, Circuit Judges, and MATHES, District Judge.

MERRILL, Circuit Judge.

This appeal presents the question whether a shipowner which operates its own repair yard can be held liable to its employee harbor worker for shipboard injury resulting from unseaworthiness of the vessel.[1] The worker was covered by the Longshoremen's and Harbor Workers' Compensation Act,[2] and appellant contends that § 905 of that Act precludes recovery.[3] The District Court held otherwise, relying on Reed v. The Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1962).

Appellant seeks to distinguish that case, asserting that there the employer, holding a bareboat charter from the shipowner, was obligated under the charter agreement to make the owner whole for damages resulting from an unseaworthy condition caused by the charterer. Appellant thus likens that case to Ryan Stevedoring Company v. Pan-Atlantic S.S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). In *Ryan* the imposition on the employer of the economic burden of its employee's recovery for unseaworthiness was allowed

---

1. This was a libel in personam, grounded on the admiralty jurisdiction of the District Court. 28 U.S.C. § 1333(1) (1964).

   Libelant first brought an action at law, alleging both unseaworthiness and negligence, grounded upon diversity jurisdiction. Upon Pacific's motion the negligence (Jones Act) claim was dismissed; later the unseaworthiness claim was transferred to admiralty by stipulation. Libelant has cross-appealed the dismissal of his negligence count, on the ground that even if a Jones Act claim will not lie, he can maintain a negligence action on the admiralty side under traditional maritime law, see Pope & Talbot v. Hawn, 346 U.S. 406, 413, 74 S.Ct. 202, 98 L.Ed. 143 (1953). Apparently the District Court did not rule on this contention.

   However, in view of our affirmance of libelant's unseaworthiness claim, we decline to rule either on the District Court's dismissal of the Jones Act claim, or on libelant's argument for a negligence claim in admiralty.

2. 44 Stat. 1424 (1927), as amended, 33 U.S.C. §§ 901–950 (1964).

3. 33 U.S.C. § 905:

   "The liability of an employer prescribed in Section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, * * * otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death * * *."

notwithstanding the provisions of § 905. This result, however, was justified upon the ground that by its warranty to the shipowner the employer took upon itself not only its own limited obligations to its employee under the Act, but the obligations of the shipowner as well.

In this case, appellant asserts, we do not have the three-party situation which existed in *Ryan* and in *The Yaka*, where the employer's unseaworthiness responsibility was based upon a duty to indemnify the owner. Here it is asserted if there is such responsibility it runs directly to the employee—a result which § 905 expressly forbids.

Appellant misreads *The Yaka*. Its construction of the holding is in accord with the views of the District Court in *The Yaka* but is clearly contrary to the reasoning of the Supreme Court. The Supreme Court did not hold the shipowner liable for unseaworthiness. It expressly stated: "We do not reach that question here" (373 U.S. at 411, footnote 1, 83 S.Ct. at 1351). It held the charterer, as owner *pro hac vice*, to a warranty of seaworthiness running to its employee. The error on which the Court of Appeals was reversed was "in holding Pan-Atlantic [the employer and charterer] could not be held personally liable for the unseaworthiness of the ship which caused petitioner's injury." (373 U.S. at 412, 83 S.Ct. at 1351). "The only question," the Court stated (at page 412, 83 S.Ct. at page 1352) "is whether the Longshoremen's Act prevents recovery by petitioner for Pan-Atlantic's breach of its warranty of seaworthiness." It rejected the contention (at page 414, 83 S.Ct. at page 1352) "that petitioner must be completely denied the traditional and basic protection of the warranty of seaworthiness simply because Pan-Atlantic was not only the owner, *pro hac vice*, of the ship but was also petitioner's employer."

Section 905 was, in clearest terms, held not to bar recovery by an employee for a breach of his employer's warranty of seaworthiness.

The District Court did not err in so holding.

Also assigned as error are holdings of the District Court rejecting appellant's contentions that the vessel on which injury was sustained was at the time a "dead ship"; that appellee was not at the time of injury engaged in seamen's work; that *The Yaka* is distinguishable upon the ground that it dealt with a longshoreman, while appellee was a marine electrician. In none of these do we find merit. The first contention we view essentially as one of fact upon which the court's finding was not clearly erroneous. On the last two contentions we regard Pope & Talbot v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953) as controlling.

Judgment affirmed.

MATHES, Senior District Judge (concurring specially).

I concur in the result; but do so only because Reed v. S.S. Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963), as I understand it, *ex necessitate* reads § 5 out of the Longshoremen's and Harbor Workers' Compensation Act [33 U.S.C. § 905], as applied to the case at bar.