399 F.2d 893
 SHAVER TRANSPORTATION COMPANY, an Oregon corporation, and Shaver Transportation Barge, No. 21, its engines, cargo and equipment, Appellants,
v.
Howard CHAMBERLAIN, Appellee.
Howard CHAMBERLAIN, Appellant,
v.
SHAVER TRANSPORTATION COMPANY, an Oregon corporation, and Shaver Transportation Barge, No. 21, its engines, cargo and equipment, Appellees.
 No. 21871.
 No. 21871-A.
 United States Court of Appeals Ninth Circuit.
 September 6, 1968.
 
 Kenneth E. Roberts (argued), of Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for appellants.
 Burl L. Green (argued), of Green, Richardson, Griswold & Murphy, Portland, Or., for appellee.
 Before HAMLIN, MERRILL and ELY, Circuit Judges.
 MERRILL, Circuit Judge:
 
 
 1
 Claiming that unseaworthiness of the vessel was the cause of injuries suffered by him, appellee has brought suit in rem against the vessel, Shaver Transportation Barge No. 21, and in personam against appellant as owner. The District Court for the District of Oregon rendered judgment in favor of appellee, finding damages in the sum of $300,710, which was reduced to judgment in the sum of $225,532.50 by virtue of appellee's contributory negligence. Both parties have appealed.
 
 
 2
 The accident occurred in an inland waterway adjacent to Portland, Oregon, on March 25, 1965. Appellee was employed by appellant as a marine engineer stationed at appellant's shop. An expert in the repair of diesel engines, he was frequently sent aboard vessels to take care of mechanical trouble that was beyond the competence of the ships' crews.
 
 
 3
 On the date of the accident appellee was sent to check on the engine of the barge. Having completed his work he was asked by the captain to check the oil pressure. The engineroom was without a lighting system and it was necessary for appellee to use a flashlight. The oil-pressure gauge was at the rear of the engine. A strong current of air from the engine fan blew toward the rear of the engine. In order to check the pressure it was necessary to lean over the spinning drive shaft. That shaft was only partially covered by a protective screen. Protruding from the unprotected portion was a set screw. As appellee was leaning over the shaft, his clothing was blown under the guard and against the shaft. It caught on the set screw and appellee was pulled into the shaft suffering severe injuries.
 
 
 Appeal of Shaver
 
 
 4
 1. We find no merit whatsoever in appellant's contention that the record does not support a finding of unseaworthiness.
 
 
 5
 2. Appellant contends that the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 904, should be appellee's sole remedy. The law is to the contrary. Jackson v. Lykes Bros. Steamship Co., 386 U.S. 731, 87 S. Ct. 1419, 18 L.Ed.2d 488 (1967); Reed v. The Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1962); Pacific Inland Nav. Co. v. Course, 368 F.2d 540 (9th Cir. 1966), cert. denied, 386 U.S. 963, 87 S.Ct. 1029, 18 L.Ed.2d 112 (1967).
 
 
 6
 3. Appellant contends that appellee was not engaged in traditional seamen's work and accordingly that the warranty of seaworthiness did not run in his favor. The court found that the maintenance and repair of pumps and engines were traditional duties of a seaman. The record supports this. At one time marine engineers were employed as crew members on all of appellant's vessels. With modernization of the vessels and utilization of remote control, the need for such services was reduced to the point where reliance was placed on shore-based engineers such as appellee.
 
 
 7
 Marine electricians have been held to perform seaman's duties. Pacific Inland Nav. Co. v. Course, supra; Feinman v. A. H. Bull S. S. Co., 216 F.2d 393 (3d Cir. 1954); as have carpenters, Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953), and ship cleaners, Torres v. The Kastor, 227 F.2d 664 (2d Cir. 1955).
 
 
 8
 We reject this contention as without merit.
 
 
 9
 4. Appellant contends that its liability should have been limited to the value of the barge under 46 U.S.C. § 183. Limitation is proper where conditions creating unseaworthiness were not within the knowledge or privity of the ship's owner or his managing agent. The burden of proof is on the party seeking to limit liability. Coryell v. Phipps, 317 U.S. 406, 63 S.Ct. 291, 87 L.Ed. 363 (1942), approving McGill v. Michigan S. S. Co., 144 F. 788 (9th Cir.), cert. denied, 203 U.S. 593, 27 S.Ct. 782, 51 L.Ed. 332 (1906).
 
 
 10
 The District Court, with ample record support, found that both appellant's general manager and operating manager had knowledge of the unseaworthy condition. They knew of the lack of lights, and placing of the instruments and shaft guard. From their testimony it was inferable that they were aware of the fan and of the condition of the shaft. Appellant argues that there is no evidence that they knew that such conditions would serve to render a ship unseaworthy. That is not an issue. They knew about the condition of the vessel; they must be presumed to know that such condition constitutes unseaworthiness.
 
 
 11
 We reject this contention as without merit.
 
 
 Cross-Appeal of Chamberlain
 
 
 12
 5. By cross-appeal appellee attacks the court's reduction of damages on the basis of contributory negligence. At the outset appellant contends that appellee has no right to maintain his cross-appeal. After judgment, in order to halt running of interest, appellant paid the amount of judgment into court pursuant to Rule 67 and 28 U.S.C. § 2041. Appellee then withdrew the deposit. By doing so, appellant contends, appellee has forfeited his right to challenge the judgment.
 
 
 13
 We regard the law in this area as settled by United States v. Hougham, 364 U.S. 310, 81 S.Ct. 13, 5 L.Ed.2d 8 (1964), on which this court relied in Cruz v. Pacific American Ins. Corp., 337 F.2d 746 (9th Cir. 1964). Where the appeal simply challenges the adequacy of the award, it is not inconsistent with such challenge to claim the partial relief granted by judgment. This cannot be regarded as an accord and satisfaction of the entire claim. Accordingly we reject this contention as without merit.
 
 
 14
 6. Appellee contends that the record does not support a finding of contributory negligence. We cannot agree. Appellee had once before been caught in a drive shaft and was thus aware of the danger presented. He had worked on this barge several times before and was an expert on engines of this type. Having entered the engineroom with a flashlight he was aware of the darkness. He had alternative methods of procedure at hand. He could have gone around to the other side of the engine and avoided the shaft. The engine clutch was right beside him and its engagement was not necessary to a check of oil pressure. By disengaging it the drive shaft would have ceased to turn. Despite a direction not to do so, he was on this occasion wearing loose clothing while on duty.
 
 
 15
 We reject this contention as without merit.
 
 
 16
 7. Finally, appellee complains of the manner in which judgment was formulated. The court found no damage suffered as to certain items, totaling $35,507.47, for which appellee had already been compensated under the Longshoremen's and Harbor Workers' Compensation Act. Appellee does not ask double recovery of this sum. He simply wants to be sure that the reduced judgment will adequately protect him against having to pay it back all over again.
 
 
 17
 We feel certain that appellee's fears are groundless. Properly construed, the finding of no damage as to the $35,507.47 represents a reduction of damages by the amount advanced under the Compensation Act.
 
 
 18
 On appeal and cross-appeal judgment is affirmed with costs allowed to appellee Chamberlain.