Clyde A. PERKINS, Plaintiff,

v.

STANDARD OIL COMPANY OF CALIFORNIA, a corporation, Defendant.

Civ. No. 369-59.

United States District Court,
D. Oregon.

Jan. 20, 1971.

Bruce M. Hall, Ernest Bonyhadi, Rives, Bonyhadi, Hall & Epstein, Portland, Or., Roger Tilbury, Tilbury & Kane, Portland, Or., Earl W. Kintner, Arent Fox, Kintner, Plotkin & Kahn, Washington, D. C., for plaintiff.

Wayne Hilliard, McColloch, Dezendorf, Spears & Lubersky, Portland, Or., Francis R. Kirkham, Richard J. MacLaury, Pillsbury, Madison & Sutro, San Francisco, Cal., for defendant.

## OPINION

BELLONI, District Judge:

This is a proceeding on remand to determine the nature and extent of attorneys' services rendered for two appeals to the Supreme Court and for the services in this court which were required to establish such fees.

Perkins brought a treble damage action against Standard Oil Company

charging that it violated Section 2 of the Clayton Act. Perkins received a jury verdict which, when trebled, resulted in a judgment in excess of one million dollars. Standard appealed and won a reversal from the Ninth Circuit Court of Appeals. The Supreme Court granted certiorari, reversed the Court of Appeals and reinstated the District Court judgment.

Perkins had been granted an award of attorneys' fees for the District Court proceedings in accordance with the provisions of Section 4 of the Clayton Act. After his successful appeal he sought in this court an award of attorneys' fees for the work done before the Court of Appeals and the Supreme Court. I declined to award such fees on the ground that Section 4 did not authorize the award of counsel fees for legal services performed at the appellate stages of a successfully prosecuted antitrust action.

The Court of Appeals considered the application for attorneys' fees and awarded $2,500 for the work done at that level. Their ruling did not include an award for work done before the Supreme Court because the Supreme Court's opinion had not expressly provided for an award. Perkins again petitioned for a writ of certiorari. The writ was granted and the Supreme Court remanded to this court with instructions to fix reasonable attorneys' fees for the successful appeals to the Supreme Court.

I have considered the arguments of the attorneys for both sides and have read the depositions and exhibits. I have also relied upon my observations of usual and customary fees charged by attorneys in this district and others where I have served, including the District of Columbia.

Standard contended that no award of fees should be made for the services performed in connection with the second appeal and this proceeding, but the Supreme Court statement that "both the language and purpose of Section 4 make that construction untenable", applies to those proceedings as well as to the first appeal.

The foremost criteria to be applied to these cases are the quality and amount of work performed by counsel. The quality of service cannot be faulted. It was 100% successful. It is rare indeed for a party to be twice successful in petitioning for certiorari and twice successful in convincing the Supreme Court that its position should be adopted. The plaintiff was in danger of losing a million dollar judgment unless the Supreme Court reversed the Court of Appeals. His attorneys would have been remiss to stint in their efforts. The legal theories which were successfully asserted have now become a new part of the body of antitrust law. This is now a leading case in the field.

I considered the standards announced by the Court of Appeals in Twentieth Century Fox Film Corporation v. Goldwyn, 328 F.2d 190, 221 (9 Cir. 1964), and have applied them where applicable. I have also considered the amount of money involved, the difficulty of the case and the result.

In preparing for the first argument before the Supreme Court the plaintiff expended 2,914.05 hours. 292.2 hours were expended in presenting the application for attorneys' fees to the Supreme Court, and 338.6 hours were required to prepare for the hearing in this court. There was no evidence of any unnecessary duplication of work.

More than a minimum fee has been earned for the work before the Supreme Court. The work in this court, however, involved an ordinary presentation of evidence and argument requiring no outstanding skill. On this basis I have allowed more than bare hourly fees for the Supreme Court work but have limited the award for work done in this court to an hourly compensation of $50 per hour for partners and $30 per hour for associates. These hourly rates were based on the experience of these particular partners and associates and my per-

sonal observation of the quality of their work in this court.

I find that a fair and reasonable fee is $250,000 for services done on the original petition to the Supreme Court, $25,000 for services on the second appeal to the Supreme Court and $14,180 for work done in this court.

The foregoing shall serve as Findings of Fact and Conclusions of Law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.