Clyde A. PERKINS, Plaintiff-
Appellee,

v.

STANDARD OIL COMPANY OF CALI-
FORNIA, Defendant-Appellant.

No. 71–1515.

United States Court of Appeals,
Ninth Circuit.

Nov. 16, 1973.

Francis R. Kirkham (argued), Richard J. MacLaury of Pillsbury, Madison & Sutro, San Francisco, Cal., Wayne Hilliard of McColloch, Dezendorf, Spears & Lubersky, Portland, Or., for defendant-appellant.

Ernest Bonyhadi, Bruce M. Hall (argued), of Rives, Bonyhadi, Hall & Epstein, Roger Tilbury, of Tilbury & Kane, Portland, Or., George R. Kucik (argued), Earl W. Kintner, James P. Mercurio of Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., for plaintiff-appellee.

Before HAMLEY, KOELSCH and DUNIWAY, Circuit Judges.

## OPINION

KOELSCH, Circuit Judge:

Both parties have requested our instructions with respect to the allowance of interest on certain awards of attorneys' fees recovered by appellant in the district court and subsequently reduced by us on appeal.[1] The question before us is the construction of "the date of the entry of the judgment," as provided in the federal postjudgment interest statute, 28 U.S.C. § 1961.[2]

Appellee Perkins prevailed in his private antitrust action against appellant, Standard Oil Company of California, on a decision by the U. S. Supreme Court [Perkins v. Standard Oil Co., 395 U.S. 642, 89 S.Ct. 1871, 23 L.Ed.2d 599 (1969)], but the mandate of the Supreme Court made no reference to an award of attorneys' fees.

The U. S. District Court for the District of Oregon denied Perkins' subsequent application for attorneys' fees under Section 4 of the Clayton Act, 15 U.S.C. § 15,[3] on the ground that the section does not authorize a district court to make award for attorneys' services rendered in appellate court proceedings. We affirmed, interpreting the Supreme Court's omission as precluding an award of attorneys' fees. The Supreme Court reversed, stating that its omission had "simply left the matter open for consideration by the District Court." [Perkins v. Standard Oil Co., 399 U.S. 222 (1970), at 223, 90 S.Ct. 1989 at 1990, 26 L.Ed.2d 534.]

Thereafter, on January 26, 1971, the district court entered a judgment awarding Perkins attorneys' fees as follows:

1) $250,000 for services in the Supreme Court in Perkins v. Standard Oil Co., 395 U.S. 642, 89 S.Ct. 1871, 23 L.Ed.2d 599 (1969);

2) $25,000 for services in the Supreme Court in Perkins v. Standard Oil Co., 399 U.S. 222, 90 S.Ct. 1989, 26 L.Ed.2d 534 (1970); and

---

1. Rule 37, Federal Rules of Appellate Procedure, provides as follows:

"Unless otherwise provided by law, if a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was entered in the district court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, *the mandate shall contain instructions with respect to allowance of interest*." [Emphasis supplied.]

2. § 1961 provides in pertinent part as follows:

"Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . [and] shall be calculated from the date of the entry of the judgment, at the rate allowed by State law."

3. Under that section, a successful plaintiff is entitled to treble damages, ". . . and the cost of suit, including a reasonable attorney's fee."

3) $14,180 for services in the district court on the application for attorneys' fees [Perkins v. Standard Oil Co., 322 F.Supp. 375 (D.Or.1971)].

On February 12, 1973, we reduced the two awards for services in the Supreme Court to $116,562 and $11,680, respectively; we affirmed the $14,180 award; and we allowed Perkins an additional award of $1500 for his attorneys' fees on that appeal. [Perkins v. Standard Oil Co., 474 F.2d 549 (9th Cir. 1973).] Our decision did not include instructions with respect to the allowance of interest on any of the awards.

Perkins petitioned for a writ of certiorari in the Supreme Court, but that petition was denied on June 11, 1973. Since no stay had been obtained pending disposition of the petition for certiorari, our mandate had issued on March 5, 1973, in accordance with Rule 41, Federal Rules of Appellate Procedure.

On July 3, 1973, Standard paid the principal amount of all attorneys' fees awards to Perkins. On that date, it also paid the interest on the affirmed $14,180 award, appropriately computing that interest from January 26, 1971, the date of entry of the original district court judgment. Rule 37, Federal Rules of Appellate Procedure.

■ Both parties have requested our instructions with respect to the allowance of interest on the two reduced Supreme Court awards and on the $1500 award authorized by our decision. This request is effectively a motion to recall and amend our mandate to include such instructions. This court has the power to recall and amend its mandate to protect the integrity of its own processes. Briggs v. Pennsylvania R. Co., 334 U.S. 304, 306, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948); Samson Tire & Rubber Corporation v. Rogan, 140 F.2d 457 (9th Cir. 1943); Huntley v. Southern Oregon Sales, 104 F.2d 153, 155 (9th Cir. 1939); accord, Petersen v. Klos, 433 F.2d 911, 912 (5th Cir. 1970).

Since the principal amount of each award was paid on July 3, 1973, interest thereon runs to and including July 2, 1973. The precise question before us is when, under the federal statute, interest on each of the awards commences to run.[4] Though the question has been characterized as one "of considerable importance," the Supreme Court has so far declined to decide it.[5]

Under the provisions of § 1961 of the Judicial Code, 28 U.S.C. § 1961, the allowance of interest on a district court judgment is mandatory " . . . from the date of the entry of the judgment." However, in situations where a judgment has been modified on appeal, the phrase has been subject to a variety of interpretations yielding a variety of results. *See generally* the excellent Note, Interest on Judgments in Federal Courts, 64 Yale L.J. 1019 (1955).[6]

4. The question involves neither interest on a liquidated claim before it is reduced to judgment (*see, e. g.,* United States v. Michael Schiavone & Sons, Inc., 450 F.2d 875 (1st Cir. 1971); Moore-McCormack Lines v. Amirault, 202 F.2d 893 (1st Cir. 1953); McCormack, Damages § 58 (1935)), nor interest as "just damages for . . . delay" under 28 U.S.C. § 1912.

5. In his dissent in Briggs v. Pennsylvania R. Co., 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948), Justice Rutledge, with whom Justices Black, Douglas and Murphy joined, observed at 313–314, 68 S.Ct. at 1043–1044, 92 L.Ed. 1403:

"The extent to which the section [the predecessor of § 1961] gives interest is, of course, a distinct question, depending in this case on whether the section contem-

plates that the interest shall begin to run at one date or another.

"Since the Court does not decide that question, I reserve decision upon it. But I dissent from the refusal to decide it now. The question is of considerable importance for the proper and uniform administration of the statute; it is not entirely without difficulty; and the uncertainty as well as the conflict of decision should be ended. There is no good reason for permitting their indefinite continuance, to the perplexity of courts and counsel, and to an assured if unpredictable amount of injustice to litigants."

6. *See also* Note, Interest on Verdicts and Judgments in the State and Federal Courts, 38 Notre Dame Law, 58 (1962); Annot., 4 A.L.R.3d 1221 (1965).

Standard contends that interest on each of the awards should be computed from the date of the denial of Perkins' petition for certiorari, *i. e.*, June 11, 1973. Perkins contends that the interest on the two awards for services in the Supreme Court should be computed from the date of the entry of the original district court judgment, *i. e.*, January 26, 1971, while interest on the $1500 court of appeals award should run from the date of the filing of our decision, *i. e.*, February 12, 1973.

■ Both parties cite state court decisions in support of their respective positions, and we recognize that some federal courts have read § 1961 to permit the application of state law in diversity cases. However, it is established that, where the cause of action asserted arises from a federal statute, questions of the allowance of postjudgment interest in federal courts are governed solely by federal law. Milwaukee Towne Corp. v. Loew's, Inc., 200 F.2d 17, 20 (7th Cir. 1952); Briggs v. Pennsylvania R. Co., 164 F.2d 21, 22 (2d Cir. 1947), affirmed without consideration of this point, 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948); Louisiana & Arkansas Ry. v. Pratt, 142 F.2d 847, 848 (5th Cir. 1944).

■ Standard contends that, since Perkins delayed the issuance of our mandate by petitioning for certiorari in the Supreme Court, interest under § 1961 should not commence to run until the date the Supreme Court denied that petition. We disagree. First, the petition occasioned no actual delay of issuance of our mandate since no stay had been obtained pending its disposition. And second, even if the petition did occasion some uncertainty with respect to the finality of our decision, Standard could have halted the running of interest

on the award thought by Perkins to be inadequate by tendering payment of the principal amount thereof. *See, e. g.,* Woodmont, Inc. v. Daniels, 290 F.2d 186 (10th Cir. 1961); Beeler v. American Trust Co., 28 Cal.2d 435, 170 P.2d 439 (1946); Pinkstaff v. Pennsylvania R. Co., 31 Ill.2d 518, 202 N.E.2d 512 (1964); Phillips v. Mills, 14 Md.App. 272, 286 A.2d 798 (1972); Annot., 15 A.L.R.3d 411 (1967).[7]

Standard urges us to adopt the rule of Harris v. Chicago Great Western Ry., 197 F.2d 829 (7th Cir. 1952), a decision substantially on all fours with the instant case, in which the Seventh Circuit reduced a district court's award of attorneys' fees from $500,000 to $350,000 and allowed interest from the date of entry of the revised judgment. The *Harris* court reasoned at 836:

" . . . [N]either the amount due for fees nor the due date of the obligation was authoritatively defined until our decision. There will be a final valid judgment only when a new one shall have been entered in conformity with our mandate."

■ We decline to adopt the Seventh Circuit's rule. In our view there exists no real distinction between judgments for attorneys' fees and judgments for other items of damages. True, claims for "reasonable" attorneys' fees, being unliquidated until they are determined by a court, are not entitled to pre-judgment interest as would be certain liquidated claims. But once a judgment is obtained, interest thereon is mandatory without regard to the elements of which that judgment is composed. *Cf.* United States v. Michael Schiavone & Sons, Inc., 450 F.2d 875 (1st Cir. 1971).

■ We further reject the *Harris* rationale that the reduction of a judgment

---

7. Perkins could have accepted such a tender without prejudice to his petition for certiorari (United States v. Hougham, 364 U.S. 310, 312, 81 S.Ct. 13, 5 L.Ed.2d 8 (1964); Cruz v. Pacific American Insurance Corporation, 337 F.2d 746, 750 (9th Cir. 1964)); or Standard could have paid the amount into court pursuant to Fed.R.Civ.Pro. 67 and 28 U.S.C. § 2041 to halt the running of interest (*see, e. g.,* Shaver Transportation Co. v. Chamberlain, 399 F.2d 893, 895 (9th Cir. 1968)).

by reducing a single item of damages, instead of the reduction by deletion of a whole item of damages, results in an entirely new judgment. Where a single item such as attorneys' fees is reduced on appeal, the district court's determination should be viewed as correct to the extent it was permitted to stand, and interest on a judgment thus partially affirmed should be computed from the date of its initial entry. *E. g.*, Kneeland v. American Loan & Trust Co., 138 U.S. 509, 511, 11 S.Ct. 426, 34 L.Ed. 1052 (1891).

■ We alternatively hold that interest should run from the date of entry of the original judgment because that is the date on which the correct judgment should have been entered. *Pratt, supra.*

■ In so ruling, we decline to hold that the cost of the loss of use of a money judgment pending appeal should be borne by an injured plaintiff rather than a defendant whose initial wrongful conduct invoked the judicial process and who has had the use of the money judgment throughout the period of delay.

■ With regard to the $1500 award authorized by our decision, that award represented services which had not yet been performed at the time of the district court's original judgment. We conclude that interest on that award should commence to run on the date of issuance of our mandate, *i. e.*, March 5, 1973.

Accordingly, we recall and amend our mandate to include instructions with respect to the allowance of interest on the three awards of attorneys' fees as follows:

1) on the $116,562 award, from January 26, 1971, to and including July 2, 1973;

2) on the $11,680 award, from January 26, 1971, to and including July 2, 1973; and

3) on the $1500 award, from March 5, 1973, to and including July 2, 1973.

It is so ordered.