**PREMIER CORPORATION, a Delaware Corporation, Plaintiff-Appellant Cross Appellee,**

**v.**

**Julio R. SERRANO et al., Defendants-Appellees Cross Appellants.**

**No. 76–2049.**

United States Court of Appeals, Fifth Circuit.

Aug. 17, 1978.

Bruce T. Wallace, Ann Arbor, Mich., Geoffrey H. Longenecker, New Orleans, La., James R. Beuche, Ann Arbor, Mich., for plaintiff-appellant cross appellee.

Shevin, Shapo & Shevin, Ronald A. Shapo, David A. Freedman, Paul A. Louis, Miami, Fla., for defendants-appellees cross appellants.

Before COLEMAN, HILL, and RUBIN, Circuit Judges.

PER CURIAM:

In this case, the District Court fixed the amount of attorneys fees to be awarded the attorneys for class action plaintiffs after a settlement had been approved. As a part of the settlement, the defendant agreed to pay a reasonable fee but it was dissatisfied with the amount assessed. It appealed. After oral argument, we directed a limited remand to the District Court, *Premier Corp. v. Serrano*, 5 Cir. 1977, 565 F.2d 1353. The District Court promptly complied with the remand. After various preliminaries, which need not be detailed here, the Court entered an order, again fixing the attorneys fees at the amount originally specified.

Premier Corporation vigorously claims, not altogether without justification from an argumentative standpoint, that the amount of the award was excessive, a position disputed with equal vigor by the beneficiaries of the award. The dispute has been pursued on both sides with what amounts almost to unprecedented acrimony. Aspersions have been showered upon opposing counsel in a fashion not customarily seen in, or tolerated by, a court of appeals—or, for that matter, by any other court. In the bloated condition of the case load in this Circuit, however, and in view of the fact that we do have a complete record before us, we have decided that the interests of justice would be better served if we ascribe these activities of counsel to excessive zeal, however overdone, and proceed to decide the appeal.

We have carefully weighed the merits of the situation. We find that the District Judge did consider the guidelines prescribed in *Johnson v. Georgia Highway Express, Inc.*, 5 Cir., 1974, 488 F.2d 714. Whatever our individual views might have

been had we been sitting on the case in the first instance, from an over-all evaluation of the record we are persuaded that the award was not an abuse of judicial discretion. Consequently, we cannot disturb it on appeal.

 All pending post-appeal motions and counter-motions are denied. The appeal involves nothing more than a dispute over the amount of an attorneys' fee award. Before we could confidently dispose of the case, the appellant prevailed to the extent of obtaining a remand. Accordingly, we have further concluded that no attorneys' fees are due the class action attorneys in connection with this appeal and the parties will bear their own costs.

AFFIRMED.