**PREMIER CORPORATION, a Delaware Corporation, Plaintiff,**

v.

**Julio R. SERRANO, Defendant.**

**No. FL 75–90–Civ–CA.**

United States District Court,
S. D. Florida.

June 12, 1979.

Bruce T. Wallace, Hooper, Hathaway, Fichera & Price, Ann Arbor, Mich., for Premier Corp.

Paul Louis, Sinclair, Louis, Siegel & Heath, Miami, Fla., for defendant Serrano.

## MEMORANDUM OPINION AND ORDER

ATKINS, Chief Judge.

Class Counsel in the above-captioned action has moved this Court for an award of additional fees for defending a class settlement. The major issue before the Court involves the allowance of interest on the original award. Defendant's counsel argues that he should receive interest from the date of this Court's entry of the award, March 4, 1976. This Court agrees.

On March 4, 1976, this Court entered an Order awarding attorneys' fees in favor of Class Counsel for Defendants in the sum of $125,000.00, plus costs based on a stipulation of settlement between the parties. Plaintiff appealed and filed a supersedeas bond in the amount of $135,000.00 with Aetna Casualty Insurance Company as surety.

On December 29, 1977, the Fifth Circuit vacated the judgment of this Court and remanded, while expressly retaining jurisdiction for the purpose of reviewing this Court's entrance of findings of fact and conclusions of law in support of the award in compliance with *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). *Premier Corporation v. Serrano,* 565 F.2d 1353 (5th Cir. 1977). This Court entered these findings on February 15, 1978, and the Court of Appeals affirmed. 578 F.2d 566 (5th Cir. 1978), *cert. denied,* 439 U.S. 1003, 99 S.Ct. 613, 58 L.Ed.2d 678 (1979).

### I.

At the outset, it must be noted that the Supreme Court has thus far declined to deal with this issue. *See Briggs v. Pennsylvania R. Co.,* 334 U.S. 304, 307, 68 S.Ct. 1039, 92 L.Ed. 1403 (1947) (Rutledge, J., dissenting). The Circuits are split on the issue. None of the cases cited by either side involves the exact procedural setting as the case at bar.

Plaintiff's position is that interest should run from the date of the entry of judgment on remand. The leading case in support of that position is *Hysell v. Iowa Public Service Co.,* 559 F.2d 468 (8th Cir. 1977). The court in *Hysell* held that the date of judgment after remand was the proper date from which interest accrued when the judgment entered after trial "was expressly vacated on appeal as legally insufficient." *Id.* at 476. Additional significant factors in *Hysell* were that the district court made an initial determination of damages not previously established after remand, the appellate court reversed the trial court, and subsequently did not retain jurisdiction to review findings of fact or conclusions of law made by that court.

In *Harris v. Great Chicago Western Ry.,* 197 F.2d 829 (7th Cir. 1952), the appellate court reduced the district court's award of attorneys' fees from the date of the entry of the revised judgment. This viewpoint was expressly rejected by the Ninth Circuit in *Perkins v. Standard Oil Co. of California,* 487 F.2d 672, 675–6 (9th Cir. 1973). The Court in *Perkins* stated:

"Where a single item such as attorneys' fees is reduced on appeal, the district court's determination should be viewed as correct to the extent it was permitted to stand, and interest on a judgment thus partially affirmed should be computed from the date of its initial entry. *E.G. Kneeland v. American Loan & Trust Co.,* 138 U.S. 509, 511, 11 S.Ct. 426, 34 L.Ed. 1052 (1891).

We alternatively hold that interest should run from the date of the entry of the original judgment because that is the correct date on which the correct judgment should be entered. *Pratt, supra.*"

### II.

In the present action, the Court of Appeals vacated the judgment and remanded, retaining jurisdiction to review the findings of fact and conclusions of law which it affirmed. There was no new determination of damages not previously established. Nor did the Court of Appeals reverse this Court. The case is therefore factually distinguishable from *Hysell.*

However, there is a basic conflict of approaches between the *Hysell* and *Perkins* cases. This Court finds the *Perkins* case more persuasive under the circumstances and declines to follow *Hysell* where it conflicts with this decision. Interest shall therefore be computed from the date of the original judgment of this Court, March 4, 1976, the correct date on which judgment shall have been entered. The Defendant's request for additional attorneys' fees is denied.