WILLIAM INGLIS & SONS BAKING COMPANY, Plaintiff–Appellee,

v.

CONTINENTAL BAKING COMPANY, INC., Defendant–Appellant.

WILLIAM INGLIS & SONS BAKING COMPANY, et al., Plaintiffs–Appellees,

v.

CONTINENTAL BAKING COMPANY, INC., et al., Defendants–Appellants.

Nos. 89–15412, 89–15422.

United States Court of Appeals, Ninth Circuit.

July 21, 1992.

As Amended Dec. 23, 1992.

Before: CANBY, NOONAN, and RYMER, Circuit Judges.

## ORDER

The order on rehearing filed on July 21, 1992 in *William Inglis & Sons Baking Co. v. Cont. Baking Co.*, 970 F.2d 639 (9th Cir.1992) is amended as follows: [Editor's Note: Opinion Amended for publication.]

## AMENDED ORDER

Plaintiff-appellee William Inglis & Sons Baking Co. and defendant-appellant Continental Baking Co. both petitioned for rehearing of our prior decision, reported at 942 F.2d 1332, and have suggested rehearing en banc. We deny Inglis' petition for rehearing. The full court has been advised of Inglis' suggestion for rehearing en banc, and no judge of the court has requested a vote to rehear the matter en banc. Inglis' suggestion for rehearing en banc is accordingly rejected.

We grant Continental's petition for rehearing, and submit and decide the petition on the briefs and records heretofore filed, Continental's petition for rehearing and Inglis' response thereto, and other supplemental materials filed by the parties.[1]

On rehearing, we disapprove and vacate the following portions of our prior majority opinion: Section IIF, entitled "Setoff After Trebling," 942 F.2d at 1342–43, and Section IIIC, entitled "The Deduction of the Campbell–Taggart Payment," 942 F.2d at 1344–45. Our judgment is modified accordingly. The considerations that lead us to this decision, and our new mandate, follow.

---

1. We grant Inglis' request for judicial notice, and Continental's motion for leave to file a response to the court's questions.

*Effect of the Campbell Taggart settlement on damages.*

The district court clearly erred in finding the entire $3.5 million paid by Campbell Taggart to have been in settlement of Inglis' lawsuit. That finding would attribute no value at all to the baking fixtures, plant and land acquired by Campbell Taggart. Inglis contends that no more than $800,000 of the $3.5 million was in settlement of Inglis's claims, because that is the figure specified in the settlement documents.

 The amount paid for the bakery fixtures and equipment has an impact on damages. This amount was paid for assets of Inglis. It would be double-dipping for Inglis to have received an amount for the bakery fixtures and now to receive damages representing its lost future profits, because, once the bakery fixtures were sold, they could no longer be used to generate profit. Put another way, as things stand Inglis received the proceeds from the sale of the fixtures and equipment but not a profit stream from the use of these assets. If the violation had not occurred, Inglis would have received the profit stream but not had the proceeds of their sale. Inglis' net damage is the difference between the lost profit stream and the proceeds it did receive. Consequently, before the damages are trebled the amount allocable to the bakery fixtures should be deducted from the profit stream to determine damages. The purchase price of the plant and land cannot be deducted from damages in this case, because these amounts were paid to Inglis Investments, a separate concern. Finally, under our existing law settlement payments should be deducted from the damages after they have been trebled. *Flintkote Co. v. Lysfjord*, 246 F.2d 368 (9th Cir.), *cert. denied*, 355 U.S. 835, 78 S.Ct. 54, 2 L.Ed.2d 46 (1957).

Inglis has now filed documents, of which it has asked the court to take judicial notice, viz., orders in its Chapter 11 proceeding in the Eastern District of California. Inglis concedes that they show the purchase price of its bakery fixtures and equipment to be $1,959,386, reduced because of missing equipment, storage charges, and attorneys' fees, to $1.7 million. Subtracting this amount from the $1.8 million Inglis suffered in lost profit stream leaves $100,000. Upon trebling, this amount becomes $300,000. Subtracting the $800,000 settlement payment produces the ultimate judgment. Since this result is negative, Inglis may collect no damages from Continental.

We need not address Continental's argument that $450,000 of the nominal $2.7 million total purchase price was actually settlement payment. If we accepted Continental's argument, we would reduce the purchase price of bakery equipment and assets proportionately, treble the resulting damages and subtract *both* settlement payments: $450,000 and $800,000. The result would still be negative.

The settlement received from Campbell–Taggert does not change the fact that Inglis proved that Continental had injured it. *See Syverson v. Heitman*, 171 Cal.App.3d 106, 214 Cal.Rptr. 581 (1985). Accordingly, Inglis is still entitled to attorneys' fees. The amount of recoverable attorneys' fees should be redetermined by the district court in accordance with the usual rules.

*Conclusion*

Inglis is entitled to no damages from Continental. The judgment of the district court is REVERSED as to damages. The case is remanded for the redetermination of attorneys' fees by the district court in favor of Inglis. Each party shall bear its own costs on this appeal.