82 F.3d 422
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jay Lee GATES; John Ronald Bertram, Plaintiffs-Appellees,
v.
Ron SHINN, et al., Defendants-Appellants.
 Nos. 95-15402, 95-15403.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1996.
Decided April 8, 1996.
 
 Before: SCHROEDER, D.W. NELSON, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 These appeals once again present our court with disputes over attorneys' fees awarded pursuant to the consent decree in the litigation concerning prison conditions at the California Medical Facility in Vacaville, California. Both appeals follow our decision in Gates v. Deukmejian, 987 F.2d 1392 (9th Cir.1992), where we remanded the district court's fee order for limited purposes.
 
 
 3
 In one appeal, 95-15403, the defendants-appellants protest the district court's award of fees to cover plaintiffs-appellees' ongoing monitoring and enforcement of the consent decree. The appeal raises four issues. First, defendants contest the propriety of the district court's award covering plaintiffs' media contacts and attendance at the Forensic Mental Health Association Annual Conference. Plaintiffs acknowledge that in Gates v. Gomez, 60 F.3d 525 (9th Cir.1995), we held that the district court had abused its discretion in awarding fees for these purposes. Plaintiffs further acknowledge that the defendants have already paid these unwarranted fees. Plaintiffs agree that the district court may grant the defendants a credit in the appropriate amount, thereby reducing the defendants' remaining fee obligation to the extent of the unwarranted fees already paid. We remand for that purpose.
 
 
 4
 Second, defendants have not demonstrated any error in the district court's award for xeroxing fees and word processing time. Plaintiffs presented ample evidence below to show that the district court's award for word processing time parallels the relevant market practice, and a similar record was made for xeroxing fees. See Missouri v. Jenkins, 491 U.S. 274, 285-89 (1989).
 
 
 5
 Third, defendants' challenge to the award of fees for legislative contacts is governed by our decision in Gates v. Gomez, 60 F.3d 525 (9th Cir.1995), where we upheld the portion of the district court's fee award pertaining to legislative contacts.
 
 
 6
 Fourth, defendants claim technical violations of FRAP 39 in connection with the district court's award of fees for work done on appeal. We conclude the district court's award appropriately furthers the goals of the consent decree.
 
 
 7
 Defendants' other appeal, 95-15402, contests the district court's award of fees for work done prior to the consent decree. The appeal raises three issues.
 
 
 8
 Defendants first contend the district court on remand did not adequately consider the appropriate lodestar and should not have accepted plaintiffs' proffered billing statements. Although defendants maintain that the statements were deficient in certain respects, the district court appropriately found that the defendants failed to demonstrate that the plaintiffs' claimed fees and costs were excessive; moreover, the court was not required 'expressly to rule on each of [the defendants'] specific objections.' Gates I, 987 F.2d at 1400. We see no abuse of discretion.
 
 
 9
 The district court fully considered the appellants' second contention, that plaintiffs should not have been considered to have achieved full success, and appropriately rejected it.
 
 
 10
 Finally, the defendants argue that the district court abused its discretion by awarding interest on unpaid amounts of the fee award back to the date of the consent decree. Defendants argue that no precedent compelled the district court to award interest back to the date of the consent decree, and that the effect of doing so after remand was to penalize the defendants for having been successful on appeal. The district court's ruling on interest, however, did not penalize the defendants for their success on appeal, because irrespective of defendants' appeal, plaintiffs could have applied for such an award. See Friend v. Kolodzieczak, 72 F.3d 1386, 1391-92 (9th Cir.1995) (affirming district court's holding that "[i]nterest runs from the date that entitlement to fees is secured, rather than from the date that the exact quantity of fees is set"), cert. denied, --- S.Ct. ----, 64 U.S.L.W. 3572 (U.S. Feb. 26, 1996); Perkins v. Standard Oil Co. of California, 487 F.2d 672, 676 (9th Cir.1973) (holding that interest on attorneys' fees should be computed from the date fees are awarded even though award is subsequently reduced). The district court acted within its discretion.
 
 
 11
 The matter is REMANDED to credit appellants for unwarranted fees already paid for media contacts and conference attendance. The fee order is otherwise AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3