82 F.3d 424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
WILLIAM INGLIS & SONS BAKING COMPANY, Plaintiffs-Appellants,
v.
CONTINENTAL BAKING COMPANY, INC., Covington & Burling,
Defendants-Appellees.
 No. 93-16648.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 15, 1996.
 
 Before: CANBY, NOONAN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Inglis & Sons Baking Company, Inc. ("Inglis") challenges on appeal the amount of its attorneys' fees award by the district court. Inglis further appeals the district court's determination of the date from which post-judgment interest should accrue. We affirm the district court's award of $100,000 in attorneys' fees, but we reverse the district court's determination regarding post-judgment interest.
 
 BACKGROUND
 
 3
 Inglis sued Continental for alleged violations of the Sherman Act, the Clayton Act, as amended by the Robinson-Patman Act, and the California Unfair Practices Act. Following a trial in which the jury returned a verdict for Inglis, this Court ordered a new trial on all claims. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014 (9th Cir.1981), cert. denied, 459 U.S. 825 (1982). A second trial also resulted in a jury verdict in favor of Inglis on all claims. The district court entered the order as to attorneys' fees on February 22, 1989.
 
 
 4
 On appeal, we reversed the district court's denial of JNOV on the Sherman Act and the Robinson-Patman Act claims. We also reduced the untrebled damages award on the California Unfair Practices Act from $5.6 million to $1.8 million. William Inglis & Sons Baking Co. v. Continental Baking Co., 942 F.2d 1332, 1341 (9th Cir.1991). On rehearing, we further reduced the untrebled damages to $100,000. William Inglis & Sons Baking Co. v. Continental Baking Co., 981 F.2d 1023, 1024 (9th Cir.1992). We held that, after subtraction of a settlement set-off, Inglis was not entitled to collect any damages from Continental. Id.
 
 
 5
 In its order of July 30, 1993, the district court reduced the attorneys' fees award from its earlier $3 million lodestar figure to $100,000. On the issue of post-judgment interest, the district court concluded: "[P]laintiff is not entitled to post-judgment interest on the 1989 award. Today's award of $100,000 in attorneys' fees is a new award; the 1989 award is no longer in place."
 
 ANALYSIS
 
 6
 I. The district court did not abuse its discretion in awarding Inglis $100,000 in attorneys' fees.
 
 
 7
 State law controls the method of calculating attorneys' fees in this case. See Mangold v. California, Pub. Utils. Comm'n, 67 F.3d 1470, 1478-79 (9th Cir.1995) (state law controls the method of calculating attorneys' fees awarded under state law in diversity and pendent jurisdiction cases). California courts may consider a number of factors in adjusting the lodestar figure. See Serrano v. Priest, 569 P.2d 1303, 1316-17 (Cal.1977) (listing seven such factors). The district court was not required explicitly to discuss all of the relevant factors bearing on the fee. See Kern River Public Access Committee v. City of Bakersfield, 217 Cal.Rptr. 125, 139 (Cal.App.1985).
 
 
 8
 In adjusting the lodestar in this case, the district court focused mainly on the plaintiffs' lack of success. That factor was a proper one upon which to reduce the lodestar. See Californians for Responsible Toxics Management v. Kizer, 259 Cal.Rptr. 599, 607 (Cal.App.1989); see also Farrar v. Hobby, 506 U.S. 103, 114-15. (1992). In addition, the original lodestar figure had been reached by the district court at a time when Inglis had been far more successful, on all its claims, than it was at the conclusion of the litigation. The district court was intimately familiar with the details of the case and the efforts of counsel, and it cited appropriate California authority. The award of an experienced trial judge is not to be overturned as an abuse of discretion unless the appellate court is convinced that it is clearly wrong. See Serrano, 569 P.2d at 1317; see also Twin City Sportservice, Inc. v. Charles O. Finley & Co., 676 F.2d 1291, 1312 (9th Cir.) (amount of attorneys' fees awarded reviewed for abuse of discretion), cert. denied, 459 U.S. 1009 (1982). In light of all of the relevant factors and the record in this case, we conclude that the district court's award of $100,000 in attorneys' fees was not an abuse of discretion.
 
 
 9
 II. The district court erred in finding that Inglis is not entitled to postjudgment interest on the attorneys' fees from the 1989 award date.
 
 
 10
 Although state law controls the calculation of attorneys' fees awarded under state law, federal law controls the determination of the proper date from which to accrue post-judgment interest on those attorneys' fees. Mangold, 67 F.3d at 1478-79. Under federal law, "[i]nterest shall be allowed on any money judgment in a civil case recovered in district court.... Such interest shall be calculated from the date of the entry of the judgment...." 28 U.S.C. § 1961. The district court erred in concluding that the $100,000 is a new award rather than a reduction of the 1989 award. See Perkins v. Standard Oil Co., 487 F.2d 672, 676 (9th Cir.) ("Where a single item such as attorneys' fees is reduced on appeal, the district court's determination should be viewed as correct to the extent it was permitted to stand, and interest on a judgment thus partially affirmed should be computed from the date of its initial entry."). We therefore reverse the district court and award Inglis interest on the attorneys' fees from February 22, 1989.
 
 
 11
 AFFIRMED IN PART AND REVERSED IN PART. Each party will bear its own costs.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3