**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBICON GLOBAL VENTURES, INC. et al., | No. 17-35601 |
| Plaintiffs-Appellants, | D.C. Nos. 05-cv-01809-MO 09-cv-00818-MO |
| v. | 09-cv-01397-MO |
| CHONGQING ZONGSHEN GROUP IMPORT/EXPORT CORP. et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief District Judge, Presiding

Argued and Submitted October 9, 2018
Portland, Oregon

Before: FISHER and CALLAHAN, Circuit Judges, and BENCIVENGO,[**] District Judge.

Plaintiffs Rubicon Global Ventures, Inc., and Z Motors, Inc., appeal the

district court's entry of final judgments in favor of Defendants Zongshen Industrial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

Group, Co., Ltd., Chongqing Zongshen Group Import/Export Corp., and Deixu Yuan after granting Defendants' motion to preclude entry of default judgment against Defendants. We affirm in part and reverse in part with instructions to the district court to enter default judgments in these three related cases against Defendants jointly and severally in the total amount of $1,316,650.

This is the third time this collection of related cases, the first of which was filed in 2005, has been before the Ninth Circuit. On the second appeal, Defendants appealed the district court's entry of default judgments against them on numerous grounds, but Defendants did not contend that the default judgments were improper because the complaints failed to state a claim. The Ninth Circuit rejected most of Defendants' arguments but held that the district court abused its discretion by failing to hold a hearing on damages prior to entering the default judgments because the judgments included damages for future lost profits that were not a certain sum or capable of mathematical calculation. The Ninth Circuit therefore remanded the cases "for a factual determination of damages." On remand from the second appeal, Defendants filed a motion to preclude entry of default judgment on the ground that the operative complaints failed to state a claim. The district court granted this motion and declined to enter default judgments against Defendants

while also finding that, if default judgments had been appropriate, Plaintiffs would have been entitled to a damage award of $916,650 after trebling.

Plaintiffs argue that the district court exceeded the scope of the mandate by granting Defendants' motion to preclude entry of default judgment. "As a question of law, we review de novo a district court's compliance with the mandate of an appellate court." *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000). "Upon return of its mandate, the district court cannot give relief beyond the scope of that mandate, but it may act on 'matters left open by the mandate.'" *Caldwell v. Puget Sound Elec. Apprenticeship & Training Trust*, 824 F.2d 765, 767 (9th Cir. 1987) (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 256 (1895)). "[I]n construing a mandate, the lower court may consider the opinion the mandate purports to enforce as well as the procedural posture and substantive law from which it arises. . . . [T]he ultimate task is to distinguish matters that have been decided on appeal, and are therefore beyond the jurisdiction of the lower court, from matters that have not." *Kellington,* 217 F.3d at 1093.

Considering the mandate remanding these cases to the district court "for a factual determination of damages" in the context of the memorandum that otherwise rejected Defendants' arguments of error in the district court's entry of default judgments, as well as the unique procedural posture of these cases at that

time, the issue of whether the complaints adequately stated claims was not left open by the mandate. Accordingly, the district court exceeded the scope of the mandate when it granted Defendants' motion to preclude entry of default judgment.

Plaintiffs also argue that the district court erred in the manner in which it trebled their damages. The district court found that Plaintiffs had suffered $505,550 in damages, and that they were entitled to trebling of those damages based on the federal and Oregon RICO claims in the complaints. Before trebling, however, the district court reduced the $505,550 by $200,000 to account for Plaintiffs' prior settlement with Zongshen, Inc., which is not party to this appeal. Thus, the district court calculated the trebled award to be $916,650. Because settlement payments should be deducted from an award against non-settling defendants *after* the actual damages are trebled, the district court erred. *See William Inglis & Sons Baking Co. v. Cont'l Baking Co., Inc.*, 981 F.2d 1023, 1024 (9th Cir. 1992) ("[U]nder our existing law settlement payments should be deducted from the damages after they have been trebled."); *In re Nat'l Mortg. Equity Corp. Mortg. Pool Certificates Sec. Litig.*, 636 F. Supp. 1138, 1151 (C.D. Cal. 1986) (Tashima, J.) ("Without exception, courts hold that the full award to which such plaintiffs are entitled is an amount three times the proven actual damages and that,

4

to ensure that plaintiffs receive complete satisfaction of their claims, settlement payments should be deducted from the award against the non-settling defendant(s) after actual damages are trebled."). The trebled damage award, accounting for the deduction of the $200,000 settlement payment, should be $1,316,650.

The plaintiffs also contend that the district court erred in refusing to award damages for lost profits and refusing to award punitive damages. We find no error and affirm these aspects of the district court's damages determination.

Consistent with the foregoing, the district court's entry of judgment for Defendants is **VACATED**. The district court's grant of Defendants' motion to preclude entry of default judgment is **REVERSED**. The district court's determination of Plaintiffs' damage award on default judgment is **AFFIRMED IN PART** and **REVERSED IN PART**. These cases are **REMANDED** to the district court for entry of default judgments in favor of Plaintiffs and against Defendants jointly and severally in the total amount of $1,316,650. Costs to Plaintiffs.