**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY J. JOHNSON, | No. 18-56106 |
| Plaintiff-counter-defendant-Appellant, | D.C. No. 3:14-cv-01873-H-BLM |
| v. | MEMORANDUM[*] |
| STORIX, INC., a California Corporation, | |
| Defendant-counter-claimant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted February 5, 2020[**]

Before:     FARRIS, D.W. NELSON, and SILVERMAN, Circuit Judges.

Anthony Johnson ("Johnson") appeals pro se the district court's judgment awarding $407,778.00 in attorneys' fees to Storix, Inc. ("Storix") on remand from this court's decision in *Johnson v. Storix, Inc*., No. 16-55439, 716 Fed. App'x. 628

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2017) ("*Johnson I*").[1]

We have jurisdiction under 28 U.S.C. § 1291.  We review a district court's award of attorneys' fees for an abuse of discretion.  *Maljack Productions v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996).  We affirm.

*Johnson I* summarizes in detail the factual and procedural background of this case.  In *Johnson I*, a prior panel of this court held that while the district court did not abuse its discretion in choosing to award fees to Storix, the amount of the award was unreasonable "[b]ecause Johnson's claims were neither unreasonable nor frivolous," and because "Johnson, who is now pro se, is an individual plaintiff, rather than another company."  716 Fed. App'x. at 630-31.  This court therefore remanded this matter to the district court to "reconsider the amount" of the attorneys' fee award.  *Id*. at 631.

On remand, the district court reduced its initial fee award by 25%, awarding Storix $407,778.00 in attorneys' fees.  The district court also awarded Storix post-judgment interest from the date of the original judgment.

Given the scope of this court's remand order, we conclude the district court did not err in holding that it was not required to reexamine its original decision to award attorneys' fees to Storix under the Copyright Act, 17 U.S.C. § 505.  *See Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006) (explaining

---

[1]    The prior panel declined this appeal as a comeback.

2

that "a district court is limited by this court's remand in situations where the scope of the remand is clear").

The district court did not abuse its discretion in making a 25% reduction of the total fee award on remand. In accordance with this court's instructions in *Johnson I*, the district court properly considered the objective reasonableness of Johnson's claims and his pro se status, and adequately explained why any further adjustment to Storix's lodestar amount was not warranted. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (district court must provide a concise but clear explanation of its reasons for the fee award).

The district court also did not abuse its discretion in awarding post-judgment interest from the date of the original judgment under 28 U.S.C. § 1961 because this court affirmed the district court's decision to award fees and remanded only as to the amount awarded. *See Perkins v. Standard Oil Co. of Cal.*, 487 F.2d 672, 676 (9th Cir. 1973) (holding that "[w]here a single item such as attorneys' fees is reduced on appeal, the district court's determination should be viewed as correct to the extent it was permitted to stand, and interest on a judgment thus partially affirmed should be computed from the date of its initial entry").

**AFFIRMED.**

3