## STAFFORD SPRINGS AGRICULTURAL SOCIETY, IN RECEIVERSHIP

Superior Court        Tolland County        File No. 4036

MEMORANDUM FILED FEBRUARY 21, 1941.

*Joel H. Reed, 2nd,* of Stafford Springs, for the Plaintiff.

*Spellacy & Yeomans,* of Hartford, for the Calhoun Show Print Co., Inc.

KING, J. This is an application by the receiver, dated January 30, 1941, for advice as to the payment of interest on claims. It appears that all secured creditors have been paid in full, so that the inquiry is limited to unsecured creditors. The receiver was markedly successful in administering his trust, and represents that he has already, under various orders of court, paid 100% on the claims presented. He has enough money on hand, after payment of expenses, to pay interest on the claims.

Where interest is running on a claim prior to a receivership, the claimant, in presenting his claim, must add the interest up to the date of the incidence of the receivership, and his claim must be considered as of the amount of principal and accrued interest due at the time of the appointment of the temporary receiver, where, as here, a permanent receiver is subsequently appointed. *Lippitt vs. Thames Loan & Trust Co.,* 88 Conn. 185, 206; *Bassett vs. Merchants Trust Co.,* 115 id. 364, 372.

The rule applied in receivership is, by analogy, that provided under the State insolvency law. *Lippitt vs. Thames Loan & Trust Co., supra,* 207. This rule is found in what is now section 4935 of the General Statutes, Revision of 1930. Under this rule interest is to be paid on the claims of all creditors, where, as here, there are sufficient assets so to do. *Green vs. Abbot,* 2 Root 242.

Of course, where, as here, several principal dividends were paid, such interest should be paid on the amount of the claim as allowed up to the date of payment of the first dividend, on the balance, up to the date of the second dividend, and so on. This is because obviously the creditor is not deprived of the entire amount of his claim up to the date of receipt of the final dividend. He receives the interim dividends as installment payments on principal, and the amount of unpaid principal, after each such dividend, on which he is thereafter entitled to interest, is proportionately reduced by the amount of each dividend received. No interest should of course be paid after the date of payment of the final principal dividend, that is, after the face amount of the claim as presented and allowed has been paid in full.

Interest, in the absence of agreement for a lesser rate, as would be the case, for example, in a note carrying five per

cent interest, is simple interest at the rate of six per cent per annum. Gen. Stat. (1930) §4729; *Perry vs. Cohen,* 126 Conn. 457, 460.

The receiver is advised to compute interest up to the date of payment of the final principal dividend, on each unsecured claim, in accordance with the foregoing instructions, and to pay to each claimant the interest to which he is entitled.

The balance, subject to, and upon, further order of the court, may then be paid over to stockholders.