LOOMIS AND LOOMIS, INC. *v.* STECKER AND
COLAVECCHIO ARCHITECTS, INC., ET AL.
(3709)

HULL, DALY and BIELUCH, Js.

Argued November 13, 1985—released January 21, 1986

*George D. Royster, Jr.,* with whom, on the brief, were *John W. Lemega* and *Thomas P. Willcutts,* for the appellants-appellees (defendants).

*John A. Wall,* for the appellee-appellant (plaintiff).

DALY, J. This appeal involves an action to recover fees for certain engineering services rendered to the defendant architects. From the trial court's denial of the defendants' motion to set aside the verdict in favor of the plaintiff, the defendants have appealed. The plaintiff then cross appealed.

In November, 1972, the parties entered into a written agreement whereby the plaintiff, Loomis and Loomis, Inc., an engineering design firm, promised to provide structural engineering services for the defendants, Stecker and Colavecchio Architects, Inc., and Louis J. Colavecchio, for an addition to the Windsor High School. In late 1973, the plaintiff was requested by the defendants to accelerate its design work to allow

the steel bid to go out early because of rising steel prices. This acceleration, known as "fast tracking," allowed the steel or structural portion of the project to be bid as a separate contract. The plaintiff claimed entitlement to $32,228 for these additional "fast tracking" services, of which the defendants paid $19,884.33, leaving a balance of $12,343.67. The plaintiff claimed that it was entitled to 75 percent of the defendants' fee rate as set forth in the Architects' Blue Book, applied to the structural portion of the project. The defendants maintained that the percentage was to be based upon the fee rate actually charged or 5.59 percent and hence they were not liable for the claimed difference or balance.

The jury returned a verdict in favor of the plaintiff for $12,343.67, plus interest of $13,585, attorney's fees of $11,456 and court costs of $139.60, totalling $37,524.27. From the trial court's refusal to set aside the verdict, the defendants have appealed. The plaintiff cross appealed from the court's refusal to set aside the interest award as being inadequate.

The defendants have raised the following issues on appeal: (1) whether there was sufficient evidence to support the jury's finding that the plaintiff was entitled to any particular additional fee under Section V (F) (2) (c) of the Manual of Interprofessional Practice of the Connecticut Society of Professional Engineers (Engineers' Manual); (2) whether there was sufficient evidence presented to support the jury's finding that the plaintiff was entitled to an additional fee rate based on 9.06 percent; and (3) whether the trial court erred in admitting into evidence testimony concerning an arbitration award rendered in favor of the defendants against the town of Windsor for architectural services rendered.

"The principal claim of error on this appeal is that the verdict of the jury was against the evidence. Our

review of a trial court's refusal to set aside a jury verdict is limited." *Kalleher* v. *Orr,* 183 Conn. 125, 126, 438 A.2d 843 (1981). On the basis of the evidence, if the jury could reasonably have arrived at its decision, then we will not find error in the trial court's refusal to set aside the verdict. Unless a jury verdict is against the evidence or its manifest injustice is so plain as to justify the belief that the jury or some of its members were influenced by ignorance, prejudice, corruption or partiality, it should not be disturbed. In reviewing a motion to overturn the jury's verdict, the trial court must give the most favorable construction to the evidence in support of the verdict of which it is reasonably capable. Id., 126–27; see also *Herb* v. *Kerr,* 190 Conn. 136, 140, 459 A.2d 521 (1983). "The trial court's refusal to set aside the verdict is entitled to great weight and every reasonable presumption should be given in favor of its correctness." *Josephson* v. *Meyers,* 180 Conn. 302, 312, 429 A.2d 877 (1980), quoting *Katsetos* v. *Nolan,* 170 Conn. 637, 656, 368 A.2d 172 (1976). Where the record merely discloses a case of conflicting evidence, the parties may have the right to have the issues passed upon by the jury and not by the court on a motion to set aside the verdict. *Horvath* v. *Tontini,* 126 Conn. 462, 464, 11 A.2d 846 (1940).

The defendants claim that there was insufficient evidence to entitle the plaintiff to an additional fee for services performed under Section (V) (F) (2) (c) of the Engineers' Manual. The jury could reasonably have found that the original contract between the parties incorporated this manual by reference. It is fundamental in contract law and in achieving mutuality of assent that parties to a contract may incorporate into their agreement the terms and conditions of another document by reference. *Housing Authority* v. *McKenzie,* 36 Conn. Sup. 515, 518, 412 A.2d 1143 (1979).

Section (V) (F) (2) (c) of the Engineers' Manual, defining costs, provides "Separate Contracts: The Percentage Method Rate applies to work let under a single construction contract. In the event the Client or Owner decides to have major divisions of the work executed under separate contracts, thereby increasing the Engineer's burden of service, expenses and responsibility, the Engineer's fee shall be established by the 'Percentage Method' as applied to each separate contract."

The jury could have found that late in 1973, due to rising steel prices, the plaintiff was requested to accelerate its design work so that the steel could go out early. This acceleration, called "fast tracking," allowed the structural portion of the project to be bid as a separate contract. A separate contract followed. Compensation for this separate work was fixed by Section (V) (F) (3) which provides: "Structural Engineering Consulting Services: (a) New Work: Fees for preparation of working plans and specifications and other work on normal projects with all trades under the General Contract shall be not less than 75% of the Client's percentage fee but in no case less than seventy-five percent of the fee listed in the schedule of fees under the proper classification in the Engineers' Green Book or the Architects' Blue Book and applied to the construction cost of the work included in the Engineer's design, plans and specifications, as well as a proportionate share of the General Contractor's allowance for General Conditions and overhead and profit."

The testimony revealed that in January, 1974, and in July, 1975, the matter of additional compensation was broached by the plaintiff to the defendants with assurance that it would be paid. There was adequate evidence, therefore, for the jury reasonably to determine that the plaintiff was entitled to an additional fee.

The defendants next claim that there was insufficient evidence to support the finding that the plaintiff was entitled to an additional fee rate of 75 percent based on 9.06 percent of the structural steel cost. The jury heard testimony that the plaintiff's bill of August 5, 1974, was based on the 9.06 percent rate for fast tracking. The figure also appears in the plaintiff's billing, correspondence and testimony. There was testimony that 9.06 percent was based on the rate as it appears in the Architects' Blue Book. The defendants maintain that the bill paid by the town was based on a rate of 5.59 percent.

"The matter of damages is peculiarly within the province of the trier of fact. . . . The refusal of the trial court to disturb a verdict is strong support for its propriety." (Citations omitted.) *Jonap* v. *Silver,* 1 Conn. App. 550, 560, 474 A.2d 800 (1984). " 'As a general rule, contract damages are awarded to place the injured party in the same position as he would have been in had the contract been fully performed.' " *Fuessenich* v. *DiNardo,* 195 Conn. 144, 153, 487 A.2d 514 (1985); *Sperry* v. *Moler,* 3 Conn. App. 692, 695, 491 A.2d 1115 (1985). "On appellate review, therefore, we will give the evidence the most favorable reasonable construction in support of the verdict to which it is entitled. (Citations omitted.)" *Swift & Co.* v. *Rexton, Inc.,* 187 Conn. 540, 543, 447 A.2d 9 (1982). The most favorable construction supports the 9.06 percent base figure as compensation for the additional services performed for the plaintiff.

The defendants next objected to an inquiry pursued by the plaintiff on cross-examination of the defendants' witness concerning their suit against the town of Windsor for additional money on account of fast tracking. The defendants claimed that the inquiry was irrelevant. The trial court may exercise broad discretion in ruling on the relevancy of evidence. *Graham* v. *Houlihan,* 147

Conn. 321, 332, 160 A.2d 745 (1960); Holden & Daly, Connecticut Evidence (1983 Sup.), p. 214–15. Every reasonable presumption must be given in favor of the trial court's evidentiary rulings in order to determine whether the court has abused its discretion. *State* v. *Braman,* 191 Conn. 670, 677, 469 A.2d 760 (1983). While the inquiry appears to be relevant to fast tracking, even if the inquiry were irrelevant, it would be harmless error.

Relating to the plaintiff's cross appeal, Section VII (K) of the Engineers' Manual provides in pertinent part: "Accounts unpaid 60 days after billing . . . may be subject to a monthly service charge of 1% on the then unpaid balance (12.0% true annual rate) at the sole election of the Engineer . . . ." The plaintiff claims that it is entitled to the compounded interest. "Interest, in the absence of agreement . . . is simple interest . . . ." *Stafford Springs* v. *Agricultural Society Receivership,* 10 Conn. Sup. 240, 241–42 (1941). In addition, the compounding of annual interest at a 12 percent rate in these circumstances would be violative of General Statutes § 37-4 which prohibits ordinary loans at a greater interest than 12 percent per annum. Where interest was fixed at 12 percent per year, the trial court was "not in error in finding that 'the agreement was to pay one percent per month as long as any balance was unpaid.' " *Reynolds* v. *Ramos,* 188 Conn. 316, 322, 449 A.2d 182 (1982).

There is no error.

In this opinion the other judges concurred.