**In re Raymond TUCKNALL and Margaret A. Tucknall, Debtors.**

**Bankruptcy No. 5–87–00288.**

United States Bankruptcy Court, D. Connecticut.

Jan. 6, 1989.

---

James M. Nugent, Charmoy & Kanasky, Bridgeport, Conn., for debtors.

Ronald D. Japha, Gordon & Scalo, Bridgeport, Conn., for Connecticut Nat. Bank.

## MEMORANDUM AND DECISION ON OBJECTION TO CLAIM

ALAN H.W. SHIFF, Bankruptcy Judge.

Bankruptcy Code § 502(a) provides in part that "[a] claim ... is deemed allowed, unless a party in interest ... objects." These chapter 13 debtors object to the $12,333.51 proof of claim filed by Connecticut National Bank (CNB) on the ground that interest calculated on a judgment obtained by CNB in state court is excessive. For the reasons that follow, the objection is overruled, and the claim is allowed.

### I.

On May 15, 1979, the debtors executed a $5,000.00 note in favor of CNB. The note provided that interest was to accrue at the rate of 13.75% per annum. The note also stated that if it was "not paid on demand or maturity (whichever is applicable), the maker agrees to pay all costs of collection, including reasonable attorneys' fees, plus interest on the principal sum until paid at ... [13.75% per annum]." The debtors' defaulted on the note, and CNB obtained a "judgment" for $6,633.13 on February 2, 1981, in Connecticut Superior Court, consisting of the principal amount, costs, prejudgment interest, and attorney's fees.

On April 23, 1987, the debtors filed a petition for relief under chapter 13 of the Bankruptcy Code. CNB filed a proof of claim for $12,333.51, which, in addition to post-judgment interest on the principal, includes post-judgment interest on the attorney's fees, costs and prejudgment interest, all calculated at the contract rate of 13.75% from the date of the judgment to the date of the petition. CNB contends that the attorney's fees, costs and pre-judgment interest are all components of the judgment. The debtors, on the other hand, argue that interest only applies to the principal debt. The remaining issue is what constitutes a judgment under Connecticut law.[1]

### II.

Connecticut General Statutes § 52–350f provides that a "money judgment may be

---

1. The debtors had argued that the statutory interest rate is applicable. However, the court in *Little v. United Nat'l Investors Corp.*, 160 Conn. 534, 280 A.2d 890 (1971), held that when parties agree on an interest rate, that rate governs. The debtors also argued that post-judgment interest on pre-judgment interest would constitute impermissible compounding of interest, but the authority cited in support of that argument is inapposite. While it is not disputed that interest on post-judgment interest should not be allowed because it would amount to compounding of interest, which as a general rule is not allowed, *see Cherokee Nation v. United States*, 270 U.S. 476, 490, 46 S.Ct. 428, 433–34, 70 L.Ed. 694 (1926); *Devex Corp. v. General Motors Corp.*, 749 F.2d 1020, 1025 (3rd Cir.1984), *cert. denied*, 474 U.S. 890, 106 S.Ct. 212, 88 L.Ed.2d 181 (1985), and that, absent an agreement, interest is simple interest, *see Reynolds v. Ramos*, 188 Conn. 316, 322, 449 A.2d 182 (1982); *Loomis & Loomis, Inc. v. Stecker & Colavecchio Architects, Inc.*, 6 Conn.App. 88, 94, 503 A.2d 181 (1986); *Stafford Springs v. Agri. Soc'y Receivership*, 10 Conn.Supp. 240, 241–42 (1941), CNB does not seek interest on post-judgment interest, but only simple interest on the amount of the judgment. That pre-judgment interest is a component of that judgment does not lead to the conclusion that interest is compounded. The debtor abandoned these arguments at the hearing.

enforced ... to the amount of the money judgment with ... interest as provided by chapter 663 [C.G.S. § 37–1 et seq.] on the money judgment and on the costs incurred in obtaining the judgment...." It would appear from a literal reading of that statute that a "money judgment" is separate and distinct from "costs incurred in obtaining the judgment". Connecticut courts, however, consider a judgment to include not only the principal sum but also interest, costs, and attorney's fees.

Although the Supreme Court in *Brookfield v. Candlewood Shores Estates, Inc.*, 201 Conn. 1, 3, 513 A.2d 1218 (1986), rejected an award of attorney's fees because there was no contractual or statutory exception to the general rule that a litigant is not entitled to attorney's fees from the opposing party as part of damages or costs, it recognized that a "judgment awarded the plaintiff $227,429.28 in principal, $3,500 in attorney's fees and $329.20 in costs...." In *Crest Plumbing & Heating Co. v. DiLoreto*, 12 Conn.App. 468, 478, 531 A.2d 177 (1987), the Connecticut Appellate Court found that

> [a]fter a trial, the court rendered judgment for the plaintiff on the complaint and on the defendant's counterclaim. The court awarded ... damages of $8,034.25, plus interest from June 1, 1979 to March 1, 1984, at 1 percent per month pursuant to the contract, and attorney's fees equal to $4,400, for a *total judgment* of $16,933.43. Subsequently, the parties agreed to reduce the interest by $160.69 which resulted in a final judgment of $16,772.74.

(Emphasis added). *See also Builders Lumber & Supply Co., Inc. v. Fasulo (In re Fasulo)*, 25 B.R. 583, 585–87 (Bankr.D. Conn.1982).

The Superior Court Rules, which "govern the practice and procedure in the superior court in all actions of a civil nature ...", *Superior Court Rules* § 1, Connecticut Rules of Court 4 (West 1988), reinforce this conclusion. For example, § 360A provides that

> [t]he moving party shall file with his motion for default for failure to appear

and judgment ... an original and one copy of a proposed form of judgment and notice substantially in the following form:

....

### JUDGMENT

After an examination of the affidavits on file, the court finds that no defendant is in the military or naval service and that there is due to the plaintiff

| | |
|---|---|
| Amount due on claims | $ |
| Interest | $ |
| Attorney's fees | $ |
| Other lawful charges | $ |

| | |
|---|---|
| Total | $ |

The application of interest to a broadly defined concept of a judgment accomplishes its purpose of imposing a penalty for the detention and use of money. *See Little, supra*, 160 Conn. at 538–41, 280 A.2d 890. If post-judgment interest only applied to the principal, the judgment debtor would have the free use of the amount awarded for interest, costs and attorney's fees for as long as the total amount awarded remained unpaid.

I conclude that the contract interest rate applies to the principal debt and the interest, attorney's fees and costs as fixed by the state court, the debtors' objection is overruled, and IT IS SO ORDERED.