[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR ARTICULATION
The plaintiff, Parker Benjamin, Inc., has filed a motion for articulation requesting that the court decide whether the interest awarded in the court's original decision of August 26, 1992 should be simple or compound interest. The plaintiff interprets the decision to mean compound interest whereas the defendants interpret same to mean simple interest. The defendants agree that articulation is appropriate and request the court's findings and rationale on the subject of whether and why interest is appropriate; how the interest rate has been calculated; and the commencement and term of the interest.
The plaintiff relies on the fact that the pertinent clause in the contract between the parties refers to monthly interest and cites to the court a number of cases in which compound interest was granted by the courts; distinguishing these from certain Connecticut cases which granted simple interest. The plaintiff maintains that the interest should run on $5.4 million from the date of the closing of the purchase of the Stinson canneries, January 5, 1990 to January 25, 1990, the date when the Dana Commercial Credit commitment was increased to $6.218 million and then on $6.218 million to the date of judgment.
The defendants point to the fact that the word compound does not appear anywhere in the contract, that those cases cited by the plaintiff to substantiate its contention are all patent infringement cases and have as their base a statute which allows the court to impose compound interest at its discretion. The defendants disagree that any interest should be imposed but argue that if the court's decision CT Page 451 should be correct on this issue the interest should run from September 13, 1990, the date on which the plaintiff made its "demand" for a commission on Dana Commercial Credit in the amended complaint. Defendants argue that before the court can award interest it must ascertain whether the defendants have wrongfully detained money damages due the plaintiff, citing West Haven Sound Development Corp. v. West Haven,207 Conn. 308, 321 (1988).
It is the opinion of this court that the contract between the plaintiff and defendants provides for simple and not compound interest and that interest should run from January 25, 1990 on 6.218 million dollars.
Compound vs. Simple Interest
We are dealing here with a written contract with a specific provision for interest. Unless the contract clearly provides for something other than simple interest there would be no justification for the court to impose anything more than simple interest. If, as defendants claim, the interest is higher than so-called "legal interest" such was provided for and agreed by sophisticated businessmen to cover just such a situation as arose in this case.
The court agrees with defendants that the patent infringement cases cited by the plaintiff have no bearing on the problem before this court since they depend upon a statute which specifically authorizes the court to impose either simple or compound interest at its discretion. There is no such controlling statute here. The fact that an interest rate is expressed as a monthly percentage rather than a yearly percentage does not imply that it is to be compounded. In Reynolds v. Ramos, 188 Conn. 316 (1982); and in Crest Plumbing and Heating Company v. DiLoreto, 12 Conn. App. 468,478-79 (1987). both cited by defendants, interest rates were expressed as a percent per month and were construed as providing for only simple interest. The same was true in Loomis and Loomis, Inc. v. Stecker, and Colavecchio Architects, Inc., 6 Conn. App. 88, 94 (1986), where a service charge was expressed in terms of a monthly charge.
Appropriateness of Interest CT Page 452
The defendants argue that no interest is appropriate based upon the facts of this case and cites West Haven Sound Development Corp. v. West Haven, 207 Conn. 308, 321 (1988). The reason for awarding interest in this case is the contract itself which clearly provides for interest to be added to any fees not paid when due and the court has found that a transaction fee for having arranged and obtained a commitment from Dana Commercial Credit was earned by the plaintiff and the evidence is clear that said fee was not paid when due. This contract calls for two different types of fees to be paid; one is the retainer fee, which is no longer in controversy, and the other is the transaction fee. "The transaction fee is payable at closing." As pointed out in the original Memorandum of Decision, the focus of this contract is to arrange for a commitment for financing or partial financing of the purchase of the Stinson Cannery. Although it was never made clear as to whether this contract is peculiar to the type of business engaged in by the parties thereto, it was somewhat unusual because although the reason for entering into the contract was to obtain financing for the purchase of the cannery, the contract was open-ended for two years and there was no provision that the commitment obtained be put to use in the actual purchase of the cannery, and this was not an oversight since it is precisely what took place in this case when defendants continued to negotiate with Dana Commercial Credit with defendants and Dana recognizing that the closing had already been arranged for and the commitment actually finalized some 20 days after the closing of the purchase of the cannery. Exhibit 57. Whether the financing obtained in the commitment was to be used for refinancing in place of some of that which was in fact used in the purchase of the cannery or simply used as a backup is open to speculation.
Although the contract provides that the transaction fee is to be payable at the closing of the transfer of the cannery, this would pertain to a situation where the money was used for that purpose, but since the commitment had not been finalized by that time, it is the opinion of this court that the commission based upon the Dana commitment became payable on the date that it was finalized, which was January 25, 1990, and interest should run on the unpaid commission from the next day until the date of the judgment in this case. Contrary to the position of the plaintiff the court feels that the commission was not earned until the commitment CT Page 453 was finalized and since the negotiations continued beyond the actual closing of the sale interest should run on the final amount of the commitment and not run on the $5.4 million interim amount. Having in mind that the entire contract is in the form of a letter and quite informal in its approach, the argument of the defendants that the interest was not automatic because the plaintiff "reserved" the right to add interest has little merit. In the the opinion of the court it is merely an informally worded clause but providing for interest automatically if the fees are not paid when due. Whether the interest is automatic or not is of no consequence in any event because there is no time limit imposed on the plaintiff's right to demand interest and the plaintiff has clearly and unequivocally exercised the right given it by this clause to add interest to any fees unpaid and due.
Judgment may enter for the plaintiff in the amount of $93,270.00 for the unpaid transaction fee and $26,581.95 in interest at the rate of 1-1/2% monthly from January 26, 1990 until August 26, 1992 for a total sum of $119,851.95.
Robert J. Hale State Trial Referee