Stephen Brent **WHEELER,**
Plaintiff–Appellant,

v.

**JOHN DEERE COMPANY,** A Delaware
Corporation, Defendant–Appellee.

No. 92–3171.

United States Court of Appeals,
Tenth Circuit.

Feb. 22, 1993.

**414**

Jefferson D. Sellers and Jack B. Sellers of Jack B. Sellers Law Associates, Inc., and Laura Emily Frossard, Tulsa, OK, for plaintiff-appellant.

Stephen O. Plunkett of Rider, Bennett, Egan & Arundel, Minneapolis, MN, for defendant-appellee.

Before ANDERSON and EBEL, Circuit Judges, and BRIMMER,* District Judge.

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Stephen Brent Wheeler lost his right arm while servicing a John Deere Titan series model 7720 combine. He brought this products liability suit against the manufacturer, defendant-appellee John Deere Company, alleging that the combine was unreasonably dangerous and any warnings were inadequate. The first jury found Deere 75% at fault and Mr. Wheeler's employer 25% at fault, and fixed Mr. Wheeler's damages at $3.1 million. The district court therefore entered judgment in the amount of $2.325 million against Deere. Because of substantive errors in the trial, we reversed the judgment and remanded for a new trial. *Wheeler v. John Deere Co.*, 862 F.2d 1404, 1415 (10th Cir.1988) (*Wheeler I*). On retrial, the second jury also returned a verdict in favor of Mr. Wheeler, finding Deere 68% at fault, Mr. Wheeler's employer 32% at fault, and calculating Mr. Wheeler's damages at $2,883,407. On October 30, 1989, the district court entered judgment in the amount of $1,960,717 against Deere, plus interest and costs. Both parties appealed. We affirmed. *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1105 (10th Cir.1991) (*Wheeler II*).

This appeal concerns the district court's award of costs. A general, but unquantified, award of costs was made in the October 30, 1989, judgment. Costs were initially quantified at $21,655.95 in a bill of costs

---

* Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation.

entered by the clerk of the district court on February 13, 1992. Deere disputed the $21,655.95 award, appealing to the district court the clerk's inclusion of Mr. Wheeler's costs from the first, vacated, trial. The district court then disallowed $6,597.00 of Mr. Wheeler's costs incurred during the first trial, and entered on March 2, 1992, a final award of costs for $15,085.95. Deere tendered this final amount to Mr. Wheeler. Mr. Wheeler refused to accept Deere's tender of $15,085.95, however, arguing that he was entitled to postjudgment interest on the cost award, running from the October 30, 1989, judgment that awarded costs generally, but did not fix the amount. The district court, in an order entered on April 8, 1992, allowed Deere to pay to the court the sum of $15,058.95 to discharge its liability for costs. In a "memorandum to file" entered on April 15, 1992, the district court explained that it disallowed any interest on the cost award on the basis that Mr. Wheeler himself had caused the delay in receiving payment by appealing the October 30 judgment. Mr. Wheeler appeals from the district court's April 8, 1992, order. We exercise jurisdiction under 28 U.S.C. § 1291 and reverse.

■ It is clear that interest accrues on an award of costs under 28 U.S.C. § 1961. The language of the statute is both mandatory and broad: "Interest *shall* be allowed on *any* money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961 (emphasis supplied). An award of costs, which partially reimburses the prevailing party for the out-of-pocket expenses of litigation, is obviously "any money judgment."

■ Although we have not previously stated that § 1961 mandates interest on an award of costs, we have stated that § 1961 mandates interest on an award of attorneys' fees. *Transpower Constructors, a Div. of Harrison Int'l Corp. v. Grand River Dam Auth.*, 905 F.2d 1413, 1423–24 (10th Cir.1990). That § 1961 interest also applies to cost awards follows from our discussion in that case. In *Transpower*, we relied primarily on *Perkins v. Standard Oil Co.*, 487 F.2d 672, 675 (9th Cir.1973),

and *R.W.T. v. Dalton*, 712 F.2d 1225, 1234 (8th Cir.), *cert. denied*, 464 U.S. 1009, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983), in holding that § 1961 mandates interest on awards of attorneys' fees. *Transpower*, 905 F.2d at 1424. For the purposes of interest under § 1961, we see no practical difference between an award of costs, an award of attorneys' fees, or an award of damages. Indeed, in *Transpower* we noted that "there exists no real distinction between judgments for attorneys' fees and judgments for ... damages.... [O]nce a judgment is obtained, interest thereon is mandatory without regard to the elements of which that judgment is composed." *Id.* (quoting *Perkins*, 487 F.2d at 675, *quoted in R.W.T.*, 712 F.2d at 1234). The Eighth Circuit, in *R.W.T.*, specifically applied the *Perkins* holding to cost awards, 712 F.2d at 1234–35, and so do we.

Other circuits agree that § 1961 mandates interest on cost awards. *See Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir.1988) (reconciling a conflict within the circuit); *Devex Corp. v. General Motors Corp.*, 749 F.2d 1020, 1026 (3d Cir.1984), *cert. denied*, 474 U.S. 819, 106 S.Ct. 68, 88 L.Ed.2d 55 (1985); *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 543 (5th Cir.1983) (en banc per curiam) (overruling *Carpa, Inc. v. Ward Foods, Inc.*, 567 F.2d 1316 (5th Cir. 1978)). Deere cites no case taking the contrary view, and we have found none.

Contrary to Mr. Wheeler's assertion, however, interest does not run from October 30, 1989, the date of the judgment awarding unquantified costs, but rather from February 13, 1992, the date of the judgment in which costs were first quantified. *Cf. MidAmerica Fed. Sav. & Loan v. Shearson/Am. Express, Inc.*, 962 F.2d 1470, 1476 (10th Cir.1992) (interest on award of attorneys' fees runs from date of judgment in which they are quantified). In *MidAmerica*, we rejected the Fifth Circuit's rule that postjudgment interest accrues from the date of the judgment conferring the *right* to attorneys' fees. *MidAmerica*, 962 F.2d at 1476 (discussing *Copper Liquor*, 701 F.2d 542, 544–45). We

explained that we saw no way to reconcile that rule with the purpose of postjudgment interest " ' "to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." ' " *Id.* (quoting *Kaiser Aluminum & Chem. Co. v. Bonjorno,* 494 U.S. 827, 835–36, 110 S.Ct. 1570, 1576, 108 L.Ed.2d 842 (1990) (quoting *Poleto v. Consolidated Rail Corp.,* 826 F.2d 1270, 1280 (3d Cir.1987))). Until attorneys' fees are " 'meaningfully ascertained' " by being quantified in a final, appealable judgment, interest should not accrue. *Id.* at 1476–77 (citing *Kaiser,* 494 U.S. at 836, 110 S.Ct. at 1576).

 An award of costs must be treated the same way. In this case, the district court awarded costs generally in its judgment of October 30, 1989. The award was first quantified, at $21,655.95, in a bill of costs entered by the clerk on February 13, 1992. The district court entered a final award of costs for $15,085.95 on March 2, 1992. Where, as here, an initial quantified judgment is later decreased, interest runs from the date of the earlier quantified judgment but only on the amount ultimately allowed. In other words, postjudgment interest on Mr. Wheeler's award of costs runs from February 13, 1992, on the final award of $15,085.95. This holding is consistent both with our holding in *MidAmerica* that interest runs from the date a quantified judgment is entered, 962 F.2d at 1476, and with our discussion on postjudgment interest in *Wheeler II,* in which we stated that interest runs from the date of an earlier judgment when a later " 'reversal [of the judgment] is not on any basic liability errors … but on a dollar value, a matter of degree.' " 935 F.2d at 1097 (quoting *Northern Natural Gas Co. v. Hegler,* 818 F.2d 730, 737–38 (10th Cir.1987), *cert. dismissed,* 486 U.S. 1063, 109 S.Ct. 7, 100 L.Ed.2d 937 (1988)).

Finally, Deere argues, without statutory or case support, that it would be inequitable to allow Mr. Wheeler postjudgment interest on the cost award because Mr. Wheeler appealed from the second judgment and therefore caused the delay in payment. Deere also cross-appealed, however, and cannot now complain of the delay. In any case, any equitable considerations should "be addressed through the district court's discretionary power to deny or apportion costs, not by disallowing interest on the cost award." *Georgia Ass'n of Retarded Citizens,* 855 F.2d at 800 and n. 7 (citing generally Charles A. Wright, Arthur R. Miller & Mary K. Kane, 10 *Federal Practice and Procedure* § 2668. (1983); 6 James W. Moore, et al., *Moore's Federal Practice* ¶ 54.70[5] (1988)). In the circumstances, we decline to penalize Mr. Wheeler for pursuing his right to appeal by cutting off postjudgment interest mandated by § 1961.

The judgment of the United States District Court for the District of Kansas is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.