288

AIR SEPARATION, INC.,
Plaintiff–Appellant,

v.

UNDERWRITERS AT LLOYD'S OF
LONDON, etc., et al., and Participating
Insurance Companies, et al., Defen-
dants–Appellees.

G.A. HAYNES, and British Aviation
Insurance Company, Ltd., Cross-
claimants,

v.

WILLIAM H. CAULEY, INSURANCE,
INC., Cross-defendant.

No. 93–15275.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12 1994.*

Memorandum Filed Sept. 6, 1994.

Order and Opinion Filed Jan. 17, 1995.

James M. Wagstaffe, Cooper, White &
Cooper, San Francisco, CA, for plaintiff-ap-
pellant.

John W. Shaw, Kern and Wooley, Los
Angeles, CA, for defendants-appellees.

* The panel unanimously finds this case suitable for
decision without oral argument pursuant to Fed.
R.App.P. 34(a) and 9th Cir.R. 34.4.

Before: FLETCHER, HALL, and WIGGINS, Circuit Judges.

## ORDER

The memorandum disposition filed September 6, 1994, is redesignated as an authored opinion by Judge Hall.

## OPINION

CYNTHIA HOLCOMB HALL, Circuit Judge:

Air Separation, Inc., the owner of an aircraft insured by Underwriters at Lloyd's of London and Participating Insurance Companies ("Underwriters"), appeals from the district court's denial of its motion for postjudgment interest and sanctions in connection with its successful claim for payment under an insurance policy for loss by theft of avionics equipment. The district court had jurisdiction pursuant to 28 U.S.C. § 1332. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and reverse in part.

## I.

This case arises out of an insurance coverage dispute. On December 20, 1984, avionics equipment was stolen from an aircraft owned by Air Separation and insured by Underwriters at Lloyd's of London and Participating Insurance Companies ("Underwriters"). Although Air Separation was the designated loss-payee under the insurance policy, Underwriters paid the claim to a company that was leasing the aircraft. Air Separation sued Underwriters to recover under the policy, and the district court found Underwriters responsible to Air Separation for the amount of the loss, costs, and prejudgment interest, as well as postjudgment interest.[1]

Underwriters appealed from the court's judgment. On December 5, 1991, before the appeal was concluded, the district court stayed execution of the judgment and ordered Underwriters to post a $200,000 bond. Underwriters never posted bond, and on June 17, 1992, this court affirmed the district court's judgment, 967 F.2d 583 (9th Cir. 1992).

On June 22, 1992, Air Separation's counsel submitted to Underwriters a letter calculating the amount due on the judgment at $271,-336.14, including postjudgment interest of $15,014.77 if paid by Thursday, June 25, 1992, plus $32.37 per day thereafter. On June 26, 1992, realizing that a mistake had been made because the calculation did not include postjudgment interest on the prejudgment interest component of the award, Air Separation's counsel faxed a correction letter and a new figure to Underwriters. Air Separation's counsel also spoke to Underwriters' counsel regarding the miscalculation.

On either July 7 or 9, 1993, Air Separation's counsel received a check from Underwriters in the amount of $271,727.03 as set forth in Air Separation's withdrawn letter. Air Separation's counsel subsequently informed Underwriters that the check was insufficient because it did not include postjudgment interest on the prejudgment interest award as explained in the second letter.

After Underwriters indicated that it would not pay postjudgment interest on the prejudgment interest award, Air Separation, on August 27, 1992, filed a motion in the district court requesting immediate payment and sanctions. On January 4, 1993, the district court denied Air Separation's motion. Air Separation appeals.

## II.

■ Air Separation contends that the district court erred by not interpreting 28 U.S.C. § 1961, which mandates that "[i]nterest shall be allowed on any money judgment

---

1. The district court's judgment reads in relevant part:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Plaintiff, AIR SEPARATION, INC. is awarded judgment against UNDERWRITERS AT LLOYD'S OF LONDON AND PARTICIPATING INSURANCE COMPANIES and ALEXANDER HOWDEN INSURANCE BRO-

KER, LTD., jointly and severally for the sum of $184,000, plus costs as taxed by the clerk plus interest thereon at the rate of 12 Per Cent from December 17, 1987, the date of commencement of this action until the date of entry of judgment, plus interest at the rate provided by 28 U.S.C. § 1961 from the date of entry of judgment until satisfied.

in a civil case recovered in a district court," to require that postjudgment interest be paid on all elements of a money judgment, including prejudgment interest. Elements of statutory interpretation that inform the district court's decisions are reviewed de novo. *Oviatt v. Pearce,* 954 F.2d 1470, 1481 (9th Cir.1992).

■ Under the provisions of 28 U.S.C. § 1961, postjudgment interest on a district court judgment is mandatory. *See Perkins v. Standard Oil Co.,* 487 F.2d 672, 674 (9th Cir.1973). "The purpose of awarding interest to a party recovering a money judgment is ... to compensate the wronged person for being deprived of the monetary value of the loss...." *Turner v. Japan Lines, Ltd.,* 702 F.2d 752, 756 (9th Cir.1983); *see also Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 834, 110 S.Ct. 1570, 1575, 108 L.Ed.2d 842 (1990) ("the policy underlying the postjudgment interest statute [is] compensation of the plaintiff for the loss of the use of the money"). Costs of the loss of use of a money judgment should not be borne by the injured plaintiff, but by the "defendant whose initial wrongful conduct invoked the judicial process and who has had the use of the money judgment throughout the period of delay." *Perkins,* 487 F.2d at 676; *see also Devex Corp. v. General Motors Corp.,* 577 F.Supp. 429, 433 (D.Del.1983) (reasoning that because money has time value, the only way to make a party whole is to award interest from the time the party should have received the money."), *aff'd,* 749 F.2d 1020 (3d Cir. 1984), *cert. denied,* 474 U.S. 819, 106 S.Ct. 68, 88 L.Ed.2d 55 (1985). Failure to award postjudgment interest would create an incentive for defendants to exploit the time value of money by frivolously appealing or otherwise delaying payment. *See Bailey v. Chattem, Inc.,* 838 F.2d 149, 152 (6th Cir.1988), *cert. denied,* 486 U.S. 1059, 108 S.Ct. 2831, 100 L.Ed.2d 931 (1988); *R.W.T. v. Dalton,* 712 F.2d 1225, 1235 (8th Cir.1983), *cert. denied,* 464 U.S. 1009, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983).

In light of these considerations, this Court has determined that "once a judgment is obtained, interest thereon is mandatory without regard to the elements of which that judgment is composed." *Perkins,* 487 F.2d at 675; *see also* 28 U.S.C. § 1961 (interest "allowed on *any* money judgment") (emphasis added); *Wheeler v. John Deere Co.,* 986 F.2d 413, 415 (10th Cir.1993) (quoting *Perkins*). Accordingly, postjudgment interest has been applied to attorneys' fees, *Perkins,* 487 F.2d at 675; costs, *Wheeler,* 986 F.2d at 425; punitive damages, *Brown v. Petrolite Corp.,* 965 F.2d 38, 51 (5th Cir.1992); exemplary damages, *id.;* and fraud penalties. *In re Resyn Corp.,* 945 F.2d 1279, 1284 (3d Cir.1991).

Most important, it is well-established in other circuits that postjudgment interest also applies to the prejudgment interest component of a district court's monetary judgment. *See Quesinberry v. Life Ins. Co. of North America,* 987 F.2d 1017, 1030 (4th Cir.1993) (en banc) ("[T]he district court should have ordered that postjudgment interest would accrue on $147,885.21, the $82,500 proceeds of the insurance policy plus the pre-judgment interest awarded by the court."); *Fuchs v. Lifetime Doors, Inc.,* 939 F.2d 1275, 1280 (5th Cir.1991) ("[W]e direct the district court to award post-judgment interest on the entire amount of the judgment, including damages, prejudgment interest, and attorney's fees."); *Arthur Young & Co. v. Reves,* 937 F.2d 1310, 1338 (8th Cir.1991) ("28 U.S.C. § 1961 specifically authorizes postjudgment interest, and we believe such interest is appropriate on both the damages and prejudgment interest"), *aff'd sub nom. Reves v. Ernst & Young,* — U.S. —, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993); *Sun Ship, Inc. v. Matson Navigation Co.,* 785 F.2d 59, 63 (3d Cir.1986) ("28 U.S.C. § 1961 ...: provides for postjudgment interest and ... that interest should be calculated on the amount of the district court's judgment—that is $4,272,-864.88 plus prejudgment interest"); *Parsons & Whittemore v. Yeargin Construction Co., Inc.,* 744 F.2d 1482, 1485 (11th Cir.1984); *United States v. Hannon,* 728 F.2d 142, 145 (2d Cir.1984); *see also Palmer v. Barry,* 794 F.Supp. 5, 7 (D.D.C.1992), *aff'd sub nom. Palmer v. Kelly,* 17 F.3d 1490 (D.C.Cir.1994); *Devex,* 577 F.Supp. at 431; *cf. In re Tucknall,* 94 B.R. 277, 278–79 (Bankr.D.Conn.

1989).[2] Underwriters identifies no case to the contrary.

■ The district court's judgment included the principal sum, plus costs, plus prejudgment interest. Given the policy motivating the award of postjudgment interest, and in light of authority in other circuits, we hold that postjudgment interest under 28 U.S.C. § 1961 applies to the prejudgment interest component of a monetary award. Section 1961 appears to mandate this result. Not only does the plain language of the statute not distinguish between the component parts of a judgment, but there in fact appears to be no material distinction between judgments for prejudgment interest and judgments for the principal sum in the context of this provision. *Cf. Wheeler*, 986 F.2d at 415 ("For the purposes of interest under § 1961, we see no practical difference between an award of costs, an award of attorneys' fees, or an award of damages."); *Perkins*, 487 F.2d at 675 ("[T]here exists no real distinction between judgments for attorneys' fees and judgments for other items of damages."). Moreover, failure to apply postjudgment interest to prejudgment interest would result in the injured plaintiff bearing the cost resulting from the loss of the use of money and would thereby reward the defendant for having delayed satisfying the judgment.

Accordingly, we find that the district court erred when it denied Air Separation's motion for postjudgment interest.

### III.

■ Air Separation contends that Underwriters should be sanctioned under the court's inherent power, Fed.R.Civ.P. 11, or 28 U.S.C. § 1927 for disobeying the district court's order to post a bond pursuant to the judgment awarded Air Separation and for misrepresenting facts to the court. All aspects of a district court's Rule 11 determination are reviewed for abuse of discretion.

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 2460, 110 L.Ed.2d 359 (1990); *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir.1993). A court's imposition of sanctions under its inherent power is reviewed for abuse of discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55, 111 S.Ct. 2123, 2138, 115 L.Ed.2d 27 (1991); *Yagman*, 987 F.2d at 628. The award of Section 1927 sanctions is reviewed for abuse of discretion. *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1526 (9th Cir.1990).

■ We accord the district court's determination whether to impose sanctions deference, *Cooter & Gell*, 496 U.S. at 400, 110 S.Ct. at 2458, because "the district court is better situated than the court of appeals to marshal the pertinent facts and apply [the law]," *id.* at 402–03, 110 S.Ct. at 2459; *see also Pierce v. Underwood*, 487 U.S. 552, 559–60, 108 S.Ct. 2541, 2547, 101 L.Ed.2d 490 (1988). In particular, a district court's determinations regarding whether a court order has been disobeyed and whether to impose sanctions for disobeyal are accorded deference. *See Halaco Engineering Co. v. Costle*, 843 F.2d 376, 379 (9th Cir.1988); *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir.1984). Although courts *may* impose sanctions for the failure to obey court orders, they are not required to do so. *See Zambrano v. City of Tustin*, 885 F.2d 1473, 1481 (9th Cir.1989).

■ The district court summarily denied Air Separation's motion for sanctions, stating, "[a]lthough sanctions have been requested … the court does not feel that they are warranted." Although the district court did not expressly reason through its determination, its use of the word "warranted" implicitly indicates that it considered Air Separation's contention, but did not find that Underwriters' conduct rose to a level that required sanctions. Moreover, Air Separation's contention that Underwriters misrepresented the parties' correspondence to the court is misplaced. Underwriters apparently

---

**2.** Underwriters contends that the application of postjudgment interest to prejudgment interest constitutes an impermissible compounding of interest upon the debt. *See Cherokee Nation v. United States*, 270 U.S. 476, 490, 46 S.Ct. 428, 433, 70 L.Ed. 694 (1926). Although interest on postjudgment interest would amount to compounding of interest, this is not what Air Separation seeks. Rather, Air Separation seeks simple interest on the amount of the judgment. "That prejudgment interest is a component of that judgment does not lead to the conclusion that interest is compounded." *In re Tucknall*, 94 B.R. 277, 278 n. 1 (Bankr.D.Conn.1989).

brought to the district court's attention Air Separation's withdrawn letter calculating the amount due because it contained what Underwriters asserted was the correct figure, and not to mislead the court. Finally, the fact that the district court denied Air Separation's motion for postjudgment interest suggests that Underwriters' position throughout the litigation was not meritless. Clearly, the district court did not abuse its discretion in denying Air Separation's motion for sanctions.[3]

## CONCLUSION

We REVERSE the district court's denial of Air Separation's motion for postjudgment interest and AFFIRM the district court's denial of Air Separation's motion for sanctions.

**3.** Underwriters requests attorneys' fees on appeal. Because we reverse the district court's denial of Air Separation's motion for post-judgment interest, we deny Underwriters' request for attorneys' fees.