[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case rises or falls on the interpretation given to the method of calculating interest pursuant to General Statutes § 12-157. This action was brought by the plaintiff, Victorian Associates Limited Partnership, seeking to enjoin the City of Hartford from recording a tax collector's deed to real property owned by it, located at 1-3 Charter Oak Place, Hartford, Connecticut.
On June 17, 1993, the tax collector for the City of Hartford conducted a tax sale of real estate at 1-3 Charter Oak Place, Hartford, Connecticut. Andrew Larew was the high bidder for the property at this sale at $37,544.26 which included unpaid taxes, interest and charges to the date of sale.
Pursuant to General Statutes Section 12-157,[1] the tax collector executed a deed to Larew and lodged the deed in the office of the Town Clerk for the City of Hartford where it presently remains, unrecorded.
On June 17, 1994, the plaintiff, in an attempt to void the tax sale, tendered a certified check payable to Larew in the amount of $44,302.23.
Larew refused to accept the tender of payment claiming that the computation of interest due him per § 12-157 was incorrect. Larew computed the interest due on $37,544.26 (the original high bid) to be $7,402.39 not $6,757.97 as computed by the plaintiff. Larew computed interest compounded on a daily rate of .04932% (18.00% ÷ 365). Larew claims that this formula was commercially reasonable since, as he claims, all banks contacted by him use this method. Larew's formula mathematically compounds 18% interest rather than computing simple interest at 18%.
General Statutes § 12-157 states in pertinent part: "[I]f the delinquent taxpayer or any person interested in the estate, within [one year after the sale at public auction by the tax collector], pays or tenders to the purchaser or to such municipality, as the case may be, the amount paid by him, with interest at the rate of . . . (3) eighteen percent per annum from the date of such sale if such sale occurs on or after July 1, 1982, such deed shall be delivered to the person paying or CT Page 8918 tendering the money . . . ."
The issue then in this case is whether interest, as provided for in § 12-157, means interest calculated at the simple rate of 18% or at the compound rate of 18%.
"Compound interest means interest on interest, in that accrued interest is added periodically to the principal and interest is computed upon the new principal thus formed (citations omitted). The difference between simple and compound interest is that simple interest does not merge with the principal and thus does not become part of the base on which future interest is calculated." (Citations omitted.) Niggelingv. Michigan Dept. of Transp., 488 N.W.2d 791, 792
(Mich.App. 1992).
Section 12-157 makes no provision for compounding the interest but rather adds to the principal the interest due from date of sale to date of payment or tender of payment. This is in line with General Statutes § 37-1(b) which provides that unless an agreement provides otherwise, "interest at the legal rate from the date of maturity of the debt shall accrue as an addition to the debt." This is simple interest. See Loomis Loomis, Inc.v. Stecker Colavecchio Architects, Inc., 6 Conn. App. 88, 94,503 A.2d 181 (1986).
Larew seeks to interpret § 12-157 to define interest as what is commercially recognized by banks in the local area. Of course, that is not the law in Connecticut. Connecticut statutes are not open to interpretation unless there is ambiguity in the language of the statute. White v. Burns, 213 Conn. 307, 311,567 A.2d 1195 (1990). We see nothing ambiguous in the language of § 12-157 which provides for the payment of 18% interest per annum computed on the sale price from date of sale to date of payment or tender. "Where the statute presents no ambiguity, we need look no further than the words themselves which we assume express the intention of the legislature." Id.
We conclude that plaintiff's tender, of payment of $44,302.23, representing principal of $37,544.26 plus simple interest of $6,757.97, was in compliance with the conditions set forth in § 12-157.
Accordingly, since the plaintiff is entitled to void the tax sale to Larew upon tendering the proper amount required by § 12-157, CT Page 8919 the prayer for relief by the plaintiff seeking a permanent injunction prohibiting the City of Hartford from recording the tax deed is granted with costs, and the City of Hartford is ordered to deliver the tax deed to the plaintiff.
Arnold W. Aronson, J. Judge of the Superior Court
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 8930